## Commonwealth *v.* Brue, Appellant.

*Criminal law—Murder — Act of March 31, 1860, P. L. 402 — "Shall be deemed"—Charge—Degree—Province of jury.*

1. The expression "shall be deemed" guilty of murder, which appears in the section of the Act of March 31, 1860, P. L. 402, covering the crime of murder of the first degree, means "is."

2. A trial judge cannot be convicted of error because in his charge he uses the word "is" instead of the expression "shall be deemed."

3. In a murder trial, the judge may instruct the jury that if a certain state of facts is established, it constitutes murder of the first degree, provided he leaves them free to determine the degree.

*Criminal law—Murder—Killing in perpetration of burglary.*

4. Where a person is indicted for murder committed in the perpetration with others of a burglary, he may be convicted of murder of the first degree, although he did not in fact fire the fatal shot, which resulted in death.

*Criminal law—Murder—Jury—Sleeping juryman—Appeals.*

5. The appellate court will not set aside a verdict of guilty of murder of the first degree on an allegation that one of the jurors fell asleep for a short time during the trial, where the juryman in question stated that he had not fallen asleep and had listened to the entire charge.

Argued September 29, 1925. Appeal, No. 333, Jan. T., 1925, by defendant, from judgment of O. & T. Berks Co., Dec. T., 1924, No. 123, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Robert Brue. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder.  Before BARNETT, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree on which sentence was passed.  Defendant appealed.

*Errors assigned* were various rulings and instructions, and refusal of new trial, quoting record.

*Walter B. Freed,* with him *Leonard G. Yoder,* for appellant.—It is not for the court, in any portion of its charge, to say unqualifiedly that the crime of the prisoner is murder of the first degree: Com. v. Frucci, 216 Pa. 84; Com. v. Ferko, 269 Pa. 39; Com. v. Fellows, 212 Pa. 297; Com. v. Kovovic, 209 Pa. 465; Rhodes v. Com., 48 Pa. 396; Com. v. Sheets, 197 Pa. 69.

A misstatement of the law in one part of the charge is not cured by a correct statement thereon in another part, as it is impossible to know which the jury accepted: Com. v. Ross, 266 Pa. 580; Com. v. Divomte, 262 Pa. 504.

*David F. Mauger,* District Attorney, with him *A. H. Rothermel,* Assistant District Attorney, for appellee.— A judge in a murder trial may express his personal feelings about the degree, if he does not attempt to decide the case and leaves the jury free to act in the determination of the degree of the crime: Com. v. Lawrence, 282 Pa. 128; Com. v. Lessner, 274 Pa. 108.

It was conclusively proved that this murder was committed in the perpetration of burglary.  The guilt of such crime is not confined to the one who actually does the killing: Com. v. Biddle, 200 Pa. 640.

The appellate court will not review the discretion of the trial court in refusing a new trial because of alleged misconduct of the jurors where the evidence tends to support the findings of the judge and it is not shown that there was any manifest abuse of discretion: Shaffer

v. Bahr, 57 Pa. Superior Ct. 48; Call v. Construction Co., 238 Pa. 110.

OPINION MR. JUSTICE SCHAFFER, November 23, 1925:

Appellant, condemned to death for the commission of the law's gravest crime, committed in the perpetration of a burglary which he had concerted with two other felons, asks us to review the record of the trial, contending that it did not warrant his conviction of murder of the first degree.

Three criticisms are made by appellant's counsel of the conduct of the trial. They first complain, the court charged the jury that, under a given state of facts, testified to by the Commonwealth's witnesses, appellant "is" guilty of murder of the first degree instead of using the expression "shall be deemed," which appears in the section of the Act of March 31, 1860, P. L. 402, covering the crime of first degree murder. No error was committed by the court in this. The word "deem" according to Webster's dictionary means "to judge, to condemn, to pass judgment, to sit in judgment over or upon, to decide, to conclude or believe on consideration." To say that one on trial for murder "is" guilty under legally satisfying proofs is the equivalent of the language of the act.

The second proposition is that the charge amounted to a peremptory instruction to find a verdict of murder of the first degree, coupled with this being the suggestion of failure on the part of the trial judge in his instructions to refer to any testimony having a tendency to show that defendant did not and could not have fired the fatal shot. The allegation that the court peremptorily instructed a verdict of murder of the first degree is based upon this language in the charge: "Likewise it follows that if, in the course of the performance and accomplishment of the crime of burglary, a killing was effected, then that killing was murder and murder in the first degree, and each of the parties concerned in the

burglary which resulted in the killing is equally guilty of murder in the first degree, because the murder was a consequence, a consequence which might readily be foreseen, of their entry into a house......If a shot fired by one of them killed Jonathan Klopp, each one of these three colored men by that fact becomes guilty of murder, and under the strict letter of the act of assembly he becomes guilty of murder in the first degree......Without intending to control your judgment or your conclusion in any way, we say to you that, so far as the court can see, upon the admission of the defendant himself, upon the abundant proofs of the Commonwealth, there is no ground to draw any conclusion other than that this defendant, as one of three burglars, participated in the burglary of the Klopp mansion,—that in the course of that burglary a murder was committed, which, under the law, amounts to murder in the first degree,—and that this defendant, as one of those three burglars, is therefore guilty of murder in the first degree." It is proper that the trial judge should instruct the jury that if a certain state of facts is established, it constitutes murder of the first degree, provided he leaves them free to determine the degree (Com. v. Lawrence, 282 Pa. 128; Com. v. Lessner, 274 Pa. 108) as the court below did in this case, by saying: "You will understand from this last provision [of the section of the Criminal Code relating to murder] that in case you shall find the defendant guilty of murder, it is your duty, and yours alone, to fix the degree of the murder. Nothing that the court may hereafter say should be understood as intended in any way to relieve you of that responsibility or to interfere with you in your exercise of it." He further said that the mandate of the Act of 1860 "places upon the jury the duty of determining the degree of murder in case they find that murder had been committed." As to the suggestion that it was error not to refer in the charge to testimony having a tendency to show that defendant did not and could not have fired the fatal shot and to say,

as the trial judge did, that if any one of the burglars fired it, each of them became guilty of murder, it is sufficient to point to two of our recent decisions as establishing the correctness of the court's attitude. In Com. v. Murrano, 276 Pa. 239, 243, we said: "Whether appellant or any of his fellow bandits fired the fatal shot makes no difference," and in Com. v. Spardute, 278 Pa. 37, 50, "If he did take part in the assault which resulted from the conspiracy......then whether he actually inflicted the fatal stab on the deceased is immaterial in determining his guilt."

The third complaint is that one of the jurors had apparently been asleep during a portion of the charge and, for this reason, the court should have granted a new trial. An examination of the record would seem to demonstrate that the allegation was not established. The juror who is said to have slept averred in depositions that he did not, that he listened to the entire charge, but closed his eyes because of the bright lights in the court room. The judge's attention was called to this alleged occurrence at the conclusion of the trial. He thereupon asked the jurors whether any of them had failed to hear any part of his instructions and none answered. In Com. v. Jongrass, 181 Pa. 172, it was determined that on an appeal in a murder case we will not review the refusal of the trial court to set aside the verdict because it was alleged that one of the jurors for an instant appeared to be asleep. See also Com. v. Croson, 246 Pa. 536.

We have given the entire record the examination which the act of assembly requires and in it find no reversible error. We also ascertain from it that there were present all of the ingredients essential to raise the grade of the defendant's crime to murder of the first degree; hence it follows that all the assignments of error must be and they are overruled.

The judgment is affirmed and the record is remitted to the court below for the purpose of execution.