# Commonwealth *v.* Welch, Appellant.

*Criminal law—Murder—Degrees—Charge of court—Function of jury.*

1. On the trial of an indictment for murder it is proper for the judge to instruct the jury that if a certain state of facts is established, it constitutes murder of the first degree, provided he leaves it to the jury to determine the degree.

*Appeals—Charge of court—Excerpts—Assignments of error.*

2. A charge must be read as a whole and the excerpts, taken therefrom and alleged as error, must be read in connection with the context.

Argued September 26, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 128, March T., 1927, by defendant, from judgment of O. & T. Allegheny Co., June T., 1926, No. 46, on verdict of murder of the first degree, in case of Commonwealth v. Welch. Affirmed.

Indictment for murder.     Before GRAFF, P. J., specially presiding.

The court charged the jury as follows: "If you conclude under all the evidence in this case that the defendant is guilty, you might return or find a verdict of guilty of murder in the first degree, or murder of the second degree or voluntary manslaughter; and then again, you might find him not guilty. Those are the verdicts which you might render in this case......In Pennsylvania, the legislature, considering that there is a difference between kinds of murder, provided by an Act of Assembly that murder shall be divided into two different degrees, murder of the first degree and murder of the second degree, and provided further, that the jury, before whom any person indicted for murder should be tried, shall, if they find him guilty thereof, ascertain in their verdict whether it be murder of the first degree or murder of the second degree.     Under this Act of Assembly, which is the Act of the 31st of March, 1860, it is provided all murder which shall be perpetrated by means of poison or by lying in wait or by any other kind of wilful, deliberate and premeditated killing, or which shall be committed in the perpetration of or attempt to perpetrate any arson, rape, robbery or burglary, shall be deemed murder of the first degree; and all other kinds of murder shall be deemed murder of the second degree......All murder not of the first degree is necessarily murder of the second degree, and before taking up murder of the second degree, I call your attention to another contention of the Commonwealth in this case. The other kind of murder in the first degree, which I referred to a short while ago, is an unlawful, malicious killing which takes place in the perpetration of or at-

tempt to perpetrate a crime of rape. Rape is the unlawful carnal knowledge of a woman, forcibly and against her will. It is a felony and a very serious felony. It is the felonious, unlawful carnal knowledge of a woman by a man forcibly against her will. [If you come to the conclusion that the defendant did kill this woman, the deceased, when he was perpetrating or attempting to perpetrate the crime of rape, he would be guilty of murder in the first degree.] And I would say here, members of the jury, that their previous relations, whatever you might believe them to be, if you should believe that he did live unlawfully and illicitly in that relationship, that would not be conclusive that he did not attempt to commit the crime of rape on this day. The woman might have repented for her actions and determined not to permit this condition to exist any longer. [If she did resist him, and he attempted to perpetrate the crime of rape, as we have described it to you, and because of her refusal, he struck these blows which caused her death, he is guilty of murder in the first degree.] I will have more to say on that matter later. I might say, before leaving this, of course, that their previous relationship is to be considered by the jury in fairness to the defendant.

"All murder not of the first degree is necessarily of the second degree, and includes all unlawful killing under circumstances of depravity of heart and a disposition of mind regardless of social duties, but where no intention to kill exists, or can reasonably be inferred. Therefore, in all cases of murder, if no intention to kill can be inferred or collected from the circumstances, the verdict must be murder of the second degree.

"I call your attention to this fact again, members of the jury, that in all murder, either of the first or of the second degree, before you can find the defendant guilty, you must find that malice existed in the heart of the prisoner, that is, malice as I have just de-

fined it to you.   [If a specific intention exists to take life, if it is wilful, deliberate and premeditated, as I have explained to you, and the prisoner acted with malice, or out of malice, as the law says, 'with malice aforethought,' he would be guilty of murder of the first degree.]   But, in murder of the second degree, the law does not require that a specific intention to kill exists, provided that you find that the killing was done maliciously.   That is the distinguishing feature or criterion by which you are able to judge whether it is murder of the first degree or murder of the second degree.

"Now, members of the jury, I will just briefly rehearse the different verdicts you might arrive at in this case; First, you may find the defendant guilty of murder in the first degree.   If you come to the conclusion that it was a wilful, deliberate and premeditated killing with the specific intention to take life, it is murder of the first degree; or, if you find the crime was committed in the perpetration of or attempt to perpetrate the crime of rape, as I have defined rape to you, it is murder of the first degree.   Then, again, you might return a verdict of guilty of murder in the second degree.   That would be a case where there is unlawful and malicious killing but where no specific intention to kill could be fairly inferred from the circumstances; where no intention to kill exists and the action was done maliciously and death resulted.   Then, again, you might find the defendant guilty of voluntary manslaughter, if you believe that he acted under a sudden impetuous impulse, suddenly impelling him to do the deed and his mind was temporarily obscured and his reason did not have sway, it is voluntary manslaughter.   And again, you might find him not guilty, if you believe he did not do these acts which caused the death of the deceased."

Verdict of guilty of murder of the first degree with penalty fixed as death, on which sentence was passed. Defendant appealed.

*Error assigned,* inter alia, was excerpts from the charge, as indicated above by brackets, referring to the record.

*W. H. Coleman,* with him *M. Paul Scollins,* for appellant.—Whether there be a wilful, deliberate and premeditated killing or a killing in the perpetration of arson, rape, robbery or burglary, the jury should be left free and be given clearly to understand that they have the right under the law to bring in a verdict of either first or second degree murder: Com. v. Frucci, 216 Pa. 84; Com. v. Ferko, 269 Pa. 39.

*George F. P. Langfitt,* Assistant District Attorney, with him *Samuel H. Gardner,* District Attorney, for appellee, cited: Com. v. Frucci, 216 Pa. 84; Com. v. McCloskey, 273 Pa. 456.

OPINION BY MR. JUSTICE SCHAFFER, November 28, 1927:

A recital of the revolting details of this crime is quite unnecessary. Defendant was found guilty of murder of the first degree and the penalty was fixed as death. In compliance with the mandate of the Act of February 15, 1870, P. L. 15, section 2, we have read the entire record and have found to be present all of the ingredients necessary to sustain the jury's finding.

The only criticism of the trial made by appellant's counsel is that the charge of the court took away from the jury its right or privilege to bring in a verdict of second degree murder. Three parts of the charge are pointed to as sustaining this position; they will be found bracketed in the portion of the charge printed in the reporter's notes. The gravamen of appellant's complaint is that the trial judge stated the defendant would be guilty of murder in the first degree if the jury found certain facts, the contention apparently being that the statement by the court that a specified state of facts

constitutes murder of the first degree is equivalent to a direction to bring in a verdict of first degree if those facts are actually found. It is, of course, the function of the jury, under the plain words of the 74th section of the Act of 1860 to fix the degree of guilt (Com. v. Frucci, 216 Pa. 84; Com. v. Ferko, 269 Pa. 39), but in disposing of a similar argument to that made here in Com. v. Brue, 284 Pa. 294, we said: "It is proper that the trial judge should instruct the jury that if a certain state of facts is established, it constitutes murder of the first degree, provided he leaves them free to determine the degree." The cases of Com. v. Frucci and Com. v. Ferko, do not rule the one at bar, as appellant's counsel contend, for the reasons pointed out in Com. v. McCloskey, 273 Pa. 456. The charge must be read as a whole and the excerpts taken therefrom must be read in connection with the context (Com. v. Winter, 289 Pa. 284); when this is done in the present case there can be no room for doubt that the jury understood the verdicts they could bring in though they were convinced the facts existed which as a matter of law constitute murder of the first degree, as the court below stated. At the opening and closing of the charge the court instructed definitely and distinctly as to the four verdicts, any one of which the jury might return; in the course of his charge, he said: "I will say to you again, of course, we are considering the other degrees, second degree murder and voluntary manslaughter, and it would be proper for you to consider this evidence here that we have just commented upon and the other evidence as bearing upon these degrees of guilt. I don't mean to convey to the jury that I am usurping the function of the jury. This is entirely for the jury, not the court......You consider these different degrees of guilt which you might believe you can find from this evidence."

The judgment is affirmed and the record is remitted to the court below for the purpose of execution.