**Commonwealth v. Chaney**

686

*Kristine F. Hughey, Assistant District Attorney,* for Commonwealth.
*Theodore S. Melnychuk,* for defendant.

BLOOM, *J.,* June 4, 1980—On November 10, 1977, defendant was arrested and charged with simple assault, aggravated assault, recklessly endangering another, criminal conspiracy, and disorderly conduct in connection with the beating of Jerome Jakob on a public street in Marcus Hook, Pennsylvania, A preliminary hearing was conducted on November 21, 1977 and defendant was held for court on all charges.

Following an arraignment on December 9, 1977, the matter was tried on February 27 and 28, 1978 before the court and a jury. The jury found defendant guilty on all counts except criminal conspiracy.

Defendant has filed timely post-trial motions which are now before the court for disposition.

On November 10, 1977, shortly after 11 p.m., Jerome Jakob was asleep in his room at the Star

Hotel in Marcus Hook, Pennsylvania. He was awakened by pounding on his door and heard the voice of his former employe, John Hickey, telling him there was trouble at the Ship's Bell Tavern, a business owned by Mr. Jakob. The victim dressed and drove to the tavern. As he pushed in the front door of the tavern, another former employe, defendant Chaney, punched him in the nose causing him to fall backwards hitting his head. Then Chaney straddled Mr. Jakob and called him a variety of vile names as he continued to beat him with his fists. The police arrived and found defendant inside the tavern. The victim was taken to Sacred Heart Hospital with a fractured nose, facial cuts requiring stitches, and impaired eyesight.

Defendant initially argues that the court erred by preventing testimony of Jennifer Campbell, a defense witness, concerning an alleged threat by Mr. Jakob to her. Defendant contends that this was important in determining the credibility of the victim. The Commonwealth denies that the testimony regarding the alleged threat would have been probative concerning Jakob's credibility.

After reviewing the transcript, the court concludes that it did not err in excluding the proferred testimony and did not abuse its discretion. Determination of the relevance of evidence offered at trial requires a two-step analysis. First, it must be determined if the inference sought to be raised by the evidence bears upon a matter in issue in the case; and secondly, it must be determined whether the evidence renders the desired inference more probable than it would be without the evidence: Com. v. Stewart, 461 Pa. 274, 336 A. 2d 282 (1975). The victim's alleged threat, excluded by the trial court, does not bear upon the issue in the case,

which is the innocence of defendant. Assuming, arguendo, that Jakob did threaten the witness, the fact that he threatened her would not establish the falsity of his version of the incident. It may have indicated his concern that Mrs. Campbell would fabricate an alibi for Chaney, as they were co-workers until both were fired when Jakob suspected them of two thefts of the tavern's cash receipts while he was on vacation.

Defendant also argues that the trial court erred in refusing to replace a juror who, defendant claims, was asleep during a portion of the trial. Counsel for defendant requested at a sidebar conference that the juror be replaced with an alternate juror. The request was denied by the court as the juror was awake when the judge looked after the sidebar conference. The trial judge, therefore, was never aware of a sleeping juror. If, in fact, the juror had been sleeping for some time, as defense counsel contended, then defense counsel himself was at fault in failing to alert the trial judge to that fact earlier in the proceedings.

Defendant cites Com. v. Brue, 284 Pa. 294, 131 Atl. 367 (1925), for the proposition that the trial judge has a *duty* to question a juror suspected of sleeping during the trial. In Brue, supra, the judge's attention was called to the alleged sleeping juror after the conclusion of the trial, and the judge then asked if any juror had failed to hear any part of his instruction. Despite the allegation of defendant, nowhere in Brue, supra, does it state that a trial judge has a *duty* to question jurors suspected of sleeping. The matter is one of discretion with the trial judge.

It is, therefore, the conclusion of this court that the trial judge did not abuse its discretion in refusing defendant's request to replace a juror.

Defendant further argues that the court erred in not sustaining defense counsel's objection to unresponsive statements. Defendant contends that the victim's unresponsive statement that he was 57 years old was made to evoke the sympathy of the jurors. Also, defendant contends that Jakob's statement that he was not a fighter had a prejudicial effect on the jury. We cannot agree with defendant's contentions. The jury could see approximately how old the victim was and thus could not have been swayed by the statement of his age. In the case of Com. v. Phillips, 183 Pa. Superior Ct. 377, 382, 132 A. 2d 733 (1957), cited by defendant as the controlling case regarding unresponsive comments, the court stated: "A new trial is required when the remark is prejudicial. . . . It must be determined from all the circumstances whether a remark has a prejudicial effect; there is no fixed rule applicable to every case."

Taking into account the totality of the circumstances, it is clear that there was no prejudicial effect made by Jakob's statements. Defendant was not denied a fair trial as a result of the statements, and defense counsel did not move for a mistrial at the time they were made after the objection was overruled. Therefore, we cannot grant a new trial on the basis of this argument.

Finally, defendant argues that the evidence was insufficient to sustain a conviction and that judgment should be arrested, especially on the charge of aggravated assault. Defendant bases his claim of insufficiency on the absence of medical records and/or medical testimony.

In order to convict on an aggravated assault charge, the crucial finding is the attempt to cause serious bodily injury. There is no requirement that the victim actually be seriously injured: Com. v.

Stancil, 233 Pa. Superior Ct. 15, 334 A. 2d 675 (1975). The evidence in this case established that Jakob was unexpectedly, and intentionally, struck in the face and head 15 to 20 times by defendant. This uncontradicted testimony, standing alone, evidenced an attack to a vital part of the body by defendant, which is sufficient to establish aggravated assault. The facts of this case not only permit an inference that defendant intended to inflict serious bodily injury, they demand the inference.

Therefore, we enter the following

## ORDER

And now, June 4, 1980, after consideration of briefs submitted by respective counsel, it is hereby ordered and decreed that:

1. Defendant's motion for a new trial is dismissed;

2. Defendant's motion in arrest of judgment is dismissed;

3. Defendant is directed to appear before this court for sentencing on Monday, June 16, 1980, at 2 p.m., in the Courthouse, Media, Delaware County, Pennsylvania.