Commonwealth *v.* Jones, Appellant.

Submitted November 10, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Charles I. Houston,* for appellant.

*Norbert J. Powell,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 20, 1970:

Appellant pleaded guilty to murder generally on February 24, 1965; he was then found guilty of first degree murder and sentenced to life imprisonment. No appeal was taken. In February of 1967 he filed a petition pursuant to the Post Conviction Hearing Act alleging, inter alia, that he was denied his right to appeal. His petition was dismissed without appointment of counsel or an evidentiary hearing. We reversed and remanded for a hearing on his right to appeal. *Commonwealth v. Jones,* 428 Pa. 208, 236 A. 2d 521 (1968). Following a counseled evidentiary hearing, the PCHA

hearing court held that appellant had been denied his right to appeal. Post-trial motions were filed and denied, and this appeal followed.

One of the reasons assigned by appellant for granting a new trial was that his guilty plea was not knowingly and intelligently entered. On the state of this record, however, we cannot make any decision on this issue. For although this claim presents a question of fact, there has never been an evidentiary hearing on it. In view of the inadequate on-the-record colloquy,[1] appellant's claim is not patently frivolous, and if, as he alleges, he was ignorant of the effect of a guilty plea and of the alternatives available to him, he will be entitled to a new trial.

A hearing should have been held on the voluntariness of the plea before the post-trial motions were denied. Issues of fact, whether raised in a PCHA petition or in a motion for a new trial,[2] necessitates the holding of an evidentiary hearing so that they may be properly resolved. This case must, therefore, be remanded for a hearing on whether appellant's plea was voluntarily entered.[3]

---

[1] The colloquy was as follows: "[Judge]: Now, Mr. Jones, before the Clerk asks you, how you plead, guilty or not guilty, I want to advise you that if you plead guilty, under the law of Pennsylvania, this amounts to a plea of guilty to the general charge of murder, which under this State law is murder of the second degree. It is then incumbent upon the Commonwealth to offer such competent testimony, if they are able to do so, to raise that second degree murder to first degree murder. Now, Mr. Clerk, you may ask Thomas William Jones, how he pleads. [Clerk]: How say you, Thomas William Jones, are you guilty or not guilty? [Jones]: Guilty."

[2] In his PCHA petition appellant did allege that his plea was involuntary, but this claim was evidently not passed on pending the resolution of his right to appeal claim.

[3] In view of our disposition, we need not now pass on appellant's other claims, which relate only to the degree of guilt hearing.

The order of the Court of Common Pleas of Elk County is reversed and the case remanded for further proceedings consistent with this opinion.

This does not mean, however, that appellant is foreclosed from raising these issues if his involuntary plea claim is decided adversely to him by the hearing court.