## Commonwealth *v.* Bowden, Appellant.

366

Submitted November 9, 1970. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Paul Yermish, Alfred P. Filippone,* and *Girone & Filippone,* for appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Pomeroy, April 22, 1971:

Following a trial without a jury, appellant was found guilty of second degree murder: A sentence of 5 to 15 years imprisonment was imposed and motion for a new trial was denied. This appeal followed.

Appellant's argument is that the evidence presented at his trial was insufficient to prove malice. If this were so, the conviction necessarily would have to be reversed, since by definition malice is an essential ingredient of the crime of murder—"an unlawful killing of another *with malice aforethought* express or implied." *Commonwealth v. Commander*, 436 Pa. 532, 536, 260 A. 2d 773 (1970) ; *Commonwealth v. Buzard*, 365 Pa. 511, 515, 76 A. 2d 394 (1950) ; *Commonwealth v. Drum*, 58 Pa. 9, 15 (1868). Our review of the evidence convinces us, however, that the appellant's position lacks merit and that the judgment of sentence must be affirmed.

On the evening of November 18, 1968, at 10:30 P.M., Ernest Martin Roane, aged six, was pronounced dead at the University of Pennsylvania Hospital. The cause of death was given as multiple injuries of the trunk and limbs. The medical report showed decedent's arms, legs, back and buttocks to be covered with bruises and skin denudations, his lip to be lacerated and an incisor tooth to be missing, leaving in its place an empty socket from which blood was oozing.

Ernest Roane lived at home with his natural mother and his stepfather, the appellant. On November 18, the boy and his parents had a discussion concerning a poor report card which he had received from his first grade class. Shortly after the discussion, young Ernest acted impudently towards his parents, whereupon appellant began to impose discipline by spanking him. For this purpose appellant used a stick approximately fifteen inches long, one and one-half inches wide and one-half inch thick. The boy's mother, appellant's wife, testified that appellant was "raving and harsh" and became "angrier and angrier" as he beat Ernest, who was four feet, one inch tall and weighed sixty-one pounds. The record does not indicate how long the beating went

on, but appellant's wife testified that appellant kept "hitting him and hitting him". When Mrs. Bowden attempted to intercede, appellant struck her with such force as to cause her to lose consciousness momentarily.

The decedent was taken to bed, where a short time later he was discovered by his mother to be unconscious. Appellant and his wife rushed the child to the hospital, but the effort was unavailing; he was dead on arrival.

In *Commonwealth v. Lawrence,* 428 Pa. 188, 193-94, 236 A. 2d 768 (1968), we stated: "[L]egal malice may be inferred and found from the attending circumstances. It consists either of an express intent to kill or inflict great bodily harm, or of a 'wickedness of disposition, hardness of heart, cruelty, recklessness of consequences and a mind regardless of social duty', indicating an unjustified disregard for the probability of death or great bodily harm and an extreme indifference to the value of human life."

While this Court, like others, is loath to intervene in family disciplinary matters, criminal sanctions must be enforced even in that delicate area of human relations. It may be granted in the present case that appellant did not intend the death of his young stepson. The fact remains, nevertheless, that he, an adult then thirty-five years of age, inflicted upon a six year old boy a cruel, wanton and ruthless beating with reckless disregard of the probability of great bodily harm. The evidence supports beyond a reasonable doubt a finding of malice, and the lower court's verdict will not be disturbed.

Judgment of sentence affirmed.

Mr. Justice COHEN took no part in the decision of this case.