Commonwealth *v.* Baiardi, Appellant.

354

Argued September 30, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*J. Graham Sale, Jr.,* Assistant Public Defender, with him *John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los,* Assistant District Attorney, with her *Robert L. Campbell,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, December 20, 1971:

Following trial by jury in the Court of Common Pleas of Allegheny County, appellant Joseph Baiardi was found guilty of murder in the second degree. Post-trial motions were filed but later withdrawn, and on July 7, 1969, appellant was sentenced to a 9 to 18-year term of imprisonment.

On May 13, 1970, appellant filed a petition for relief pursuant to the Post Conviction Hearing Act.* The petition was dismissed after hearing, but appellant was granted leave to file motions for new trial and in arrest of judgment "nunc pro tunc". Such motions were filed, argued before a court en banc, and denied. This appeal followed.

Appellant presently contends (1) that the verdict was against the weight of evidence and (2) that the trial court committed several errors in its charge to the jury. Having reviewed the record, we conclude that neither contention has merit.

The largely uncontradicted evidence at trial revealed the following events: Appellant and the victim were married on March 8, 1968. A short time later there arose serious marital difficulties, as a result of which appellant began to drink. On the morning of May 2, 1968, the day of the shooting, appellant was drinking heavily. He went to his estranged wife's apartment to attempt to effect a reconciliation or, failing that, to commit suicide. The reconciliation effort proved fruitless, but instead of taking his own life appellant fatally shot his wife in the presence of three eyewitnesses. In the afternoon of the same day appellant voluntarily surrendered himself and the murder weapon to the police.

At trial appellant testified that he did not plan to kill his wife, that he did not recall shooting at her, and that he could not even remember how many shots he fired. He now argues that he was too intoxicated at the time of the killing to have acted with "malice", an essential element of the crime of murder. This argument must be rejected, for "[t]he law is quite clear that intoxication can lower the degree of guilt, but it remains

---

* Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq.

*murder." Commonwealth v. Walters,* 431 Pa. 74, 83, 244 A. 2d 757, 762 (1968) ; see also *Commonwealth v. Ingram,* 440 Pa. 239, 270 A. 2d 190 (1970).

With regard to the jury charge, appellant asserts that it did not give adequate weight to the question of intoxication, that it was confusing because of its undue length, and that the trial court erred in expressing its opinion that there was no evidence of provocation to justify a verdict of voluntary manslaughter. As appellant failed to take any specific or even general exception to the charge, his present complaints have been waived. Pa. R. Crim. P. 1119(b) ; *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 313, 207 A. 2d 810, 812 (1965). We note in passing, however, that as the jury returned a verdict of second degree murder, appellant could not possibly have been prejudiced by the trial court's alleged under-emphasis of the intoxication evidence.

The judgment of sentence is affirmed.

Mr. Justice EAGEN concurs in the result.

Mr. Chief Justice BELL and Mr. Justice BARBIERI took no part in the consideration or decision of this case.