Commonwealth *v.* Jones, Appellant.

224

Submitted November 8, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Thomas W. Jones,* appellant, in propria persona.

*Gordon J. Daghir,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, December 29, 1971:

Appellant was charged with the murder of his wife in August, 1965. He pleaded guilty to murder and after an evidentiary hearing was convicted of first degree murder and sentenced to life imprisonment. No appeal was taken.

In February, 1967, he filed a post-conviction petition[1] alleging the denial of his *Douglas*[2] appeal rights. His petition was denied without hearing. We reversed and remanded for hearing on the merits. *Commonwealth v. Jones,* 428 Pa. 208, 236 A. 2d 521 (1968).

---

[1] Act of January 25, 1966, P. L. (1965) 1580, §§1 et seq., 19 P.S. §§1180-1 et seq.

[2] *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963).

After hearing, relief was granted and appellant was allowed to file an appeal as if timely filed.

Post-trial motions were then filed alleging: (1) an involuntary guilty plea entered in ignorance of the consequences of the plea; (2) a guilty plea made involuntary by the broken promise of the district attorney that he was not going to press for first degree murder; (3) the improper use of an involuntary confession at the degree of guilt hearing; (4) insufficient evidence to support a conviction of first degree murder. The motions were denied without hearing. Again, we reversed and remanded for a hearing to determine whether the guilty plea was intelligently and knowingly entered. *Commonwealth v. Jones,* 438 Pa. 86, 263 A. 2d 360 (1970).[3] Relief was denied and this appeal followed. While appellant was represented by counsel at the hearing, he has waived counsel on this appeal.

The finding of the hearing court that the guilty plea was intelligently and knowingly entered is fully supported by the record. *Commonwealth v. Roundtree,* 440 Pa. 199, 205, 269 A. 2d 709, 712 (1970); *Commonwealth v. Duncan,* 437 Pa. 319, 321-22, 263 A. 2d 345, 347 (1970). Appellant's counsel testified that he fully explained the consequences of the plea including the elements required for first and second degree murder, the sentencing differences between first and second degree murder, the burden of the Commonwealth to prove premeditation after a guilty plea to raise it to first degree murder, and the fact that there were no guarantees made as to the possible sentence. Counsel also denied that the district attorney had promised not to

---

[3] It was observed that "appellant is [not] foreclosed from raising these issues [the other two claims raised on post-trial motions] if his involuntary plea claim is decided adversely to him by the hearing court." *Commonwealth v. Jones,* 438 Pa. 86, 88 n.3, 263 A. 2d 360, 361 n.3 (1970).

press for first degree murder. Petitioner's testimony as to the promise was to the same effect.

On this appeal, appellant also reiterates the contention, raised in his post-trial motions, that an involuntary confession was introduced at the degree of guilt hearing. Since the record reveals that the confession was introduced without objection, this claim is waived. *Commonwealth v. Nash,* 436 Pa. 519, 521, 261 A. 2d 314, 315 (1970); *Commonwealth v. Snyder,* 427 Pa. 83, 88, 233 A. 2d 530, 533 (1967), cert. denied, 390 U.S. 983, 88 S. Ct. 1104 (1968). Appellant raises two other claims on this appeal for the first time which were not asserted in the trial court. These claims cannot now be entertained. *Commonwealth v. Bittner,* 441 Pa. 216, 221, 272 A. 2d 484, 487 (1971); *Commonwealth v. Myers,* 439 Pa. 381, 266 A. 2d 756 (1970).

The judgment of sentence is affirmed.