Commonwealth *v.* McFadden, Appellant.

278

Argued January 11, 1972. Before JONES, C. J., EA-GEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Abraham J. Brem Levy*, for appellant.

*Ivan Michaelson Czap*, Assistant District Attorney, with him *Milton M. Stein*, Assistant District Attorney, *James D. Crawford*, Deputy District Attorney, *Richard*

*A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, June 30, 1972:

Larry Clinton McFadden was indicted on charges of murder, voluntary manslaughter and involuntary manslaughter, concerning the death of three-year-old Derrick Saulsbury.

McFadden lived with Pearline Saulsbury and her three children, the victim, three-year-old Derrick Saulsbury, an older brother, William, and a younger brother, Shawn.

On the night of January 27, 1971, McFadden was preparing dinner for Pearline Saulsbury and her three children, when they returned, respectively, from work and school. Pearline Saulsbury then went to the store and returned in time to serve the dinner. All five sat down and ate dinner together. When he had finished eating, McFadden went to the bedroom occupied by him and Pearline Saulsbury, to watch television. The children began to get ready for bed and Pearline Saulsbury washed the dishes. When she was finished, she joined McFadden in their bedroom.

Just before 9:00 p.m., Derrick entered the room and after a few minutes his mother sent him to the bedroom which he and his brothers occupied, to get ready for bed. His mother went into the bedroom with him to change sheets on the bed. Derrick's older brother was in the kitchen studying and his younger brother was in the bathroom. Left alone, Derrick began to jump up and down on the bed before putting on his pajamas. McFadden came in the child's bedroom to reprimand him and as he reached out to spank him, he caught the child in flight and, while intending to strike him on the backside, he actually struck him in the abdomen. McFadden testified that Derrick had the wind knocked

out of him, but that he seemed to be all right and walked across the room to get his pajamas before getting back into bed. McFadden then went back into his own bedroom and resumed watching television. William and Shawn then went into their own bedroom to go to bed for the night and their mother joined McFadden. A few minutes later McFadden went into the kitchen for a snack. Derrick's mother went into the children's bedroom to put out the light. She then joined McFadden, who had returned from the kitchen, in their own bedroom. They stayed up and talked and watched television for a while. Pearline then fell asleep followed later by McFadden.

The following morning, Pearline entered the children's bedroom to awaken them. When Derrick did not respond, she shook him twice and found him cold and stiff. She called out to McFadden to see what was wrong with Derrick. McFadden came into the children's bedroom and checked Derrick. Pearline then called the police.

Three days later, McFadden made a statement to the police concerning the above facts. After he was indicted, McFadden waived his right to a jury trial and was subsequently convicted of second degree murder and sentenced to 11½ to 23 months imprisonment.

McFadden's only contention on this appeal is that there was not sufficient evidence presented against him at trial to sustain a second degree murder conviction. We agree.

To sustain a conviction of murder of either degree it is absolutely essential that there be evidence showing that the murder was committed with malice. *Commonwealth v. Bowden*, 442 Pa. 365, 276 A. 2d 530 (1971). Malice is a conclusion inferred or implied from all of the facts and circumstances. If the act of the defendant under all of the circumstances properly gives rise to an

inference that the defendant knew or should have known that the consequences of his act would be death or serious bodily harm, malice is present.

The question which must be determined is whether the evidence supports a finding that McFadden killed the young boy with malice. The test of the sufficiency of the evidence is whether, accepting as true all the evidence and all reasonable inferences therefrom upon which if believed the jury could have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime for which he has been convicted. *Commonwealth v. Finnie*, 415 Pa. 166, 202 A. 2d 85 (1964). Thus, the evidence must be reviewed to determine whether it will support a finding of malice.

At no point during the course of the trial did the Commonwealth present any evidence that McFadden had an express intent to kill or to inflict great bodily harm on the young boy. Rather, all evidence presented demonstrated that McFadden treated the child as his own, loved and cared for him. McFadden testified that he merely tried to admonish the child and that he had no intention of hurting him. The remaining evidence supported the truth of McFadden's statements. The child's mother testified that McFadden had never mistreated any of her children and had always been close to them. She did state that McFadden spanked Derrick with her permission and had pulled him by the ear on one occasion in a discipline situation.

The facts and circumstances recited earlier must be those upon which any legitimate inferences must be based. The prosecution did not present any evidence contradicting the testimony of McFadden and Derrick's mother. This is the only positive testimony about what happened. To assume any different version of what happened to Derrick would be pure speculation.

The testimony of the Assistant Medical Examiner was completely consistent with the testimony of McFadden and Derrick's mother. He testified that the cause of death was a ". . . blunt injury to the trunk causing laceration of the liver . . ." and that a single blow could have produced the injury.

The Commonwealth urges, however, that malice was indeed established by the evidence based on the reasoning found in the recent case of *Commonwealth v. Bowden,* 442 Pa. 365, 276 A. 2d 530 (1971). In *Bowden,* the Supreme Court upheld a second degree murder conviction in which defendant, stepfather of the six-year-old victim, caused the death of his stepson by hitting him with a stick. However, the circumstances in *Bowden* differ substantially from the present case. In *Bowden,* the victim's mother testified that the beating was prolonged and that the defendant was "raving and harsh" and struck her with great force when she tried to stop him from beating the child. It is conceded that Bowden like McFadden did not intend that death result. However, Bowden, unlike McFadden, should have realized the consequences of a severe and prolonged beating. McFadden hit the child one time in an attempt to punish him. However, the evidence presented, both circumstantial and direct, will not support a finding beyond a reasonable doubt that McFadden acted with malice, and the lower court's verdict must be set aside.

The judgment of sentence of the lower court is reversed and the defendant is ordered discharged.