Commonwealth *v.* Steele, Appellant.

Argued April 24, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Louis D. Musica,* Public Defender, for appellant.

*Paul D. Shafer, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, October 4, 1972:

The appellant, Glenn W. Steele, was found guilty of second degree murder by a jury, and was sentenced to a term of two and one-half to ten years in the Western Diagnostic and Classification Center. Appellant's motions for a new trial and in arrest of judgment were denied, and this direct appeal from the judgment of sentence followed. We affirm.

Appellant's argument is that the evidence introduced at trial was insufficient for the jury to find malice. If this were so, we would necessarily have to reverse, since malice by definition is integral to the crime of murder—"an unlawful killing of another with malice aforethought express or implied." See *Commonwealth v. Bowden,* 442 Pa. 365, 367, 276 A. 2d 530 (1971), and cases cited.

"[L]egal malice may be inferred and found from the attending circumstances. It consists either of an express intent to kill or inflict great bodily harm, or of a 'wickedness of disposition, hardness of heart, cruelty, recklessness of consequences and a mind regardless of social duty,' indicating an unjustified disregard for the probability of death or great bodily harm and an extreme indifference to the value of human life." *Commonwealth v. Lawrence,* 428 Pa. 188, 193-94, 236 A. 2d 768 (1968) ; *Commonwealth v. Bowden, supra.* We have concluded that the evidence, measured by this standard, was ample to allow the jury to find that the killing was indeed done with malice.

The homicide occurred when appellant's wife, Carolyn Steele, arrived home at about four o'clock on a Saturday morning in August, 1970. An argument ensued between Mrs. Steele and her husband, apparently precipitated by the late hour of her arrival. The argument culminated in an attack upon Mrs. Steele by appellant. When appellant tried to awaken her at noon of the same day, he found that she was dead. The coroner of Crawford County, a medical doctor, testified at trial that Mrs. Steele had died from hemorrhaging of the liver, which had been lacerated due to a sharp external force applied to the area of the liver. The decedent had sustained fractures of five ribs, four of which covered the liver, and in the doctor's opinion the fractures had been caused by the same "sharp force". Externally, the body of the victim showed numerous contusions and abrasions, a swelling of the scalp, and a prominently blackened right eye.[1]

Larry Steele, the seventeen-year-old son of the appellant and the victim, was present for five to ten minutes during the inception of the argument between his parents; he testified that he had seen his father slap his mother after asking her where she had been. The appellant, testifying on his own behalf, admitted that

---

[1] Several black and white snapshots of Mrs. Steele's body taken at the home were admitted into evidence and used in the examination of the coroner. Appellant suggests their introduction should have been accompanied by cautionary instructions. No objection, however, was made at the time, nor was there any request for a cautionary instruction. Similarly no specific exception was taken to the charge, nor was any point for charge submitted by appellant. Under these circumstances, the alleged error of the trial court will not be considered at this stage. *Commonwealth v. Jones*, 446 Pa. 223, 285 A. 2d 477 (1971) ; *Commonwealth v. Baiardi*, 445 Pa. 353, 284 A. 2d 796 (1971) ; *Commonwealth v. Bittner*, 441 Pa. 216, 272 A. 2d 484 (1971) ; *Commonwealth v. Myers*, 439 Pa. 381, 266 A. 2d 756 (1970).

he had hit and slapped his wife; in his confession, admitted into evidence without objection,[2] he stated that he "must have really plowed her." Appellant was some ten inches taller and 40 to 50 pounds heavier than his wife. He did not remember the length of the "argument", but stated that it could have lasted anywhere from five minutes to thirty. His excuse for his behavior was that his wife said she had been out having sexual intercourse with another man, and that appellant himself was drunk at the time. He denied any intention of killing her, and that the slight blows he administered could have caused the bruises on her body.

From this evidence, including particularly the description of Mrs. Steele's serious injuries given by the coroner, the jury could reasonably draw the conclusion that the appellant kicked or punched the deceased a number of times with great force, and that this severe beating was the direct cause of death.

The case was submitted under a careful charge which accurately defined and distinguished second degree murder and voluntary manslaughter. The meaning of "malice" was correctly given not once but several times. We have no basis to say that as a matter of law the jury's verdict of murder in the second degree was unjustified. Contrast *Commonwealth v. McFadden*, 448 Pa. 146, 292 A. 2d 358 (1972).

Judgment of sentence affirmed.

---

[2] The voluntariness of the confession had been the subject of a pretrial suppression hearing in which the court had ruled against the appellant. This ruling is not challenged.