Commonwealth *v.* Wright et al., Appellants.
Commonwealth *v.* Stoner, Appellant.

252

Submitted March 11, 1974.   Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT,
and SPAETH, JJ.

Argued March 11, 1974.

*Lawrence C. Zeger,* for appellant at No. 151; *William F. Kaminski,* Assistant Public Defender, for appellant at No. 153; *James H. Rowland, Jr.,* and *Rowland & Rowland,* for appellant at No. 160.

*Edward S. Newlin,* Assistant District Attorney, with him *John R. Walker,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 21, 1974:

These three cases arose out of the same incident and were consolidated for trial in the court below.   The three appellants were found guilty by a jury of the

offense of robbery with accomplice[1] and thereafter sentenced by the court. On appeal each raises the identical issues of whether the evidence was sufficient to sustain the conviction and whether the court erred in refusing to grant a mistrial upon appellants' motion based upon certain actions of the assistant district attorney. For the reasons stated hereinafter, we affirm the judgments of sentence.

In considering the sufficiency of the evidence after a guilty verdict, we are bound to review the evidence in the light most favorable to the Commonwealth and the Commonwealth must be given all reasonable inferences flowing therefrom. *Commonwealth v. Cimaszewski*, 447 Pa. 141, 288 A. 2d 805 (1972). Briefly summarized in this light, the following facts are pertinent:

Ernest Wright on the night of May 14, 1971, was in the bar of the Madden Hotel in Chambersburg. While there he apparently solicited and received from Robert Wright (an individual appellant unrelated to Ernest Wright) an offer to drive him to his sister's house in Fulton County. Ernest Wright testified that he left the Madden Hotel and got into Robert Wright's car with Stoner, an appellant herein, Robert Wright, and one John Pensinger, who was acquitted in the court below. He further testified that he was driven a few miles from town, dragged from the car, and beaten and robbed by Wright, Stoner, and Pensinger.

William Pittman, a Commonwealth witness who had pleaded guilty to a lesser charge, testified that the individuals who accompanied Ernest Wright in the car were Robert Wright, Stoner, Terry Lee Boles, the three appellants herein, and himself. He stated that Pensinger, although he had been in the bar that evening, had not gone with the others in the car. Pittman testi-

---

[1] Act of June 24, 1939, P. L. 872, §705, 18 P.S. §4705, *repealed*, Act of December 6, 1972, P. L. 1482, No. 334, §5.

fied, however, that although the car had stopped on a back road because Ernest Wright was sick from excessive drinking, no robbery had taken place. While testifying on their own behalf, Robert Wright, Stoner, and Boles each admitted that he had been in the automobile that evening.

Additionally, Ernest Wright testified on direct examination without objection and again on cross-examination that the five individuals involved, Robert Wright, Stoner, Boles, Pittman, and Pensinger came to his house and admitted that they had participated in the robbery, stated that they were sorry for what they had done, and made restitution. Each of the appellants herein admitted that he had made restitution to Ernest Wright although each denied that he had admitted complicity in the robbery.

The appellants challenge the sufficiency of the evidence upon which their convictions were predicated. The test of the sufficiency of the evidence is whether accepting as true all the evidence and all reasonable inferences therefrom upon which, if believed, the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime for which he has been convicted. *Commonwealth v. McFadden*, 448 Pa. 277, 292 A. 2d 324 (1972); *Commonwealth v. Finnie*, 415 Pa. 166, 202 A. 2d 85 (1964).

In the instant case, Ernest Wright testified unequivocally that Stoner and Robert Wright had participated in the robbery. This testimony is in and of itself sufficient to sustain the conviction as to these appellants. *Commonwealth ex rel. Montanez v. Maroney*, 200 Pa. Superior Ct. 424, 189 A. 2d 597 (1963). Additionally, the testimony of an accomplice and the appellants themselves also placed Boles in the vehicle at the time of the robbery. It is well settled that a jury can believe all or part or none of the testimony of

any witness. *Commonwealth v. Finnie,* supra; *Commonwealth v. Kirkland,* 413 Pa. 48, 195 A. 2d 338 (1963). In the instant case a jury could reasonably have concluded that a robbery had taken place, that it had been committed by those individuals present in the automobile, and that Robert Wright, Stoner, Boles, and Pittman were in the car at the time of the robbery. We are satisfied that in this case the evidence was sufficient to permit the jury to conclude that the appellants were guilty beyond a reasonable doubt.

Appellants also contend that the trial court erred in refusing to grant a mistrial when the Commonwealth introduced evidence of an admission of guilt which the court had previously decided was inadmissible. They refer to the Commonwealth's intention to call Ernest Wright's mother to testify to the circumstances surrounding the restitution offer. Following objection and subsequent discussion, the Commonwealth withdrew the witness. The district attorney subsequently cross-examined Pensinger with regard to the restitution offer and appellants then moved for a mistrial, apparently under the impression that this area of evidence had been ruled inadmissible. Appellants, however, misread the record. Mrs. Wright was voluntarily withdrawn by the Commonwealth; the court made no ruling on the admissibility or inadmissibility of the proffered testimony. Moreover, Ernest Wright had previously testified without objection to the admissions made by the appellants during the restitution offer, and was vigorously cross-examined by defense counsel concerning this testimony.

We find no error in the court's refusal to grant a mistrial; nor do we find any merit in appellant Stoner's additional arguments.

Judgments affirmed.

HOFFMAN, J., did not participate in the consideration or decision of this case.