380 A.2d 442

**COMMONWEALTH of Pennsylvania**

**v.**

**James S. PRICE, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1976.

Decided Dec. 2, 1977.

Richard L. Raymond, Media, for appellant.

John G. Siegle, Assistant District Attorney, Media, with him Ralph B. D'Iorio, Assistant District Attorney, Media, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Appellant contends that he was denied his right to a speedy trial under Pa.R.Crim.P. 1100 since he was not brought to trial within 270 days from the date on which the criminal complaint was lodged against him.[1] We agree with this contention.

---

[1] Because we find that appellant's right to a speedy trial was denied, we need not review appellant's other allegation of error.

Pa.R.Crim.P. 1100(a)(1) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974, shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed." In the instant case, a written complaint was filed against appellant on October 29, 1973. The Commonwealth thus had until July 26, 1974, to bring appellant to trial. Trial, however, did not commence until April 8, 1975, 526 days after the filing of the complaint. On January 9, 1975, appellant, citing Pa.R. Crim.P. 1100(f),[2] petitioned the court below to dismiss the charges against him. On February 6, 1975, the court below dismissed appellant's petition, but ordered that trial commence within thirty days. Trial was then scheduled to commence on February 27, 1975. On February 27, 1975, however, the lower court continued the case until April 1 because no courtrooms were available.[3] The docket shows that on March 21, 1975, appellant again petitioned the court below to dismiss the charges against him under Rule 1100(f). On that same day, a rule to show cause issued, and a hearing was scheduled for April 1, 1975. No hearing was conducted,[4] however, and on April 8, 1975, prior to trial, appellant orally requested the trial judge to consider his petition to dismiss.[5] The trial judge refused appellant's petition on the basis that

**2.** Pa.R.Crim.P. 1100(f) provides that: "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

**3.** The Commonwealth contends that this continuance resulted from the unavailability of appellant's counsel. The record, however, fails to support this claim, showing that the case was continued only because no courtrooms were available.

**4.** The printed record before us does not reveal why a hearing was not conducted.

**5.** Although appellant's request does not appear of record, the trial judge, in his opinion to this court, concedes that such a request was made.

appellant's earlier petition had already been dismissed. Trial commenced on April 8, 1975, resulting in appellant's conviction of several offenses. Various post-verdict motions were denied by the court below. This appeal followed.

■ The Commonwealth first contends that appellant failed to preserve his Rule 1100 claim for appellate review by not raising it in written post-verdict motions. The record belies this contention. The docket shows that on April 15, 1975, appellant filed a motion to dismiss under Rule 1100 along with a motion for a new trial and in arrest of judgment. The lower court was thus timely presented with an opportunity to review appellant's claim. *See Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1976).[6] We find that appellant's claim under Rule 1100 was properly preserved.

■ The Commonwealth, perhaps anticipating our determination as to its assertion of waiver, further contends that appellant's right to a Rule 1100 speedy trial was never violated because of certain periods of delay which must be excluded from the computation of the mandatory period under Rule 1100(d).[7] The record shows that the preliminary hearing was delayed from November 15, 1973, until December 20, 1973, at appellant's request. Although the printed

6. Unfortunately, however, the court below never reviewed appellant's claim, asserting that appellant failed to include it in his post-verdict motions. The court below premised this conclusion upon its assertion that appellant neglected to file a second written petition to dismiss prior to his oral application on April 8, 1975. Since appellant failed to file a second petition to dismiss, the court reasoned that appellant's April 15th petition to dismiss could only be considered a pre-trial motion. The record, however, refutes the lower court's curious ratiocination. As previously recited, *the docket shows that appellant filed a second written petition to dismiss under Rule 1100 on March 21, 1975.*

7. Rule 1100(d) provides that: "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant or his attorney; (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

record before us does not reveal the reason for this thirty-five day delay, and therefore we are unable to determine whether the entire period should be excluded under Rule 1100(d)(1) or whether only five days should be excluded under Rule 1100(d)(2), we will assume, *arguendo*, that the entire period should be excluded. The case was next continued from June 4, 1974, until September 30, 1974, due to appellant's request that he be considered for Accelerated Rehabilitation Disposition. Under Rule 1100(d)(2), eighty-eight days of this 118 day period must be excluded. On October 22, 1974, the case was continued until November 20, 1974, because appellant's attorney was unavailable. Appellant waived his rights under Rule 1100 for the length of this continuance. We must therefore exclude the entire twenty-nine day period. As previously stated, the first petition to dismiss was filed on January 9, 1975, 437 days after the filing of the complaint. Subtracting the total period of delay attributable to appellant, 152 days, from the 437 day period, we find that 285 days had expired when appellant filed his petition to dismiss. The lower court therefore erred by refusing appellant's petition.[8]

Judgment of sentence is reversed and appellant is discharged.

---

**8.** We must note that the Commonwealth never filed a petition to extend the time for commencing trial in the instant case.