395 A.2d 1328

**COMMONWEALTH of Pennsylvania**

v.

**Ronald C. MOORE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided Dec. 14, 1978.

94

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Edward G. Rendell, District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

The court below, sitting without a jury, convicted appellant of aggravated assault,[1] recklessly endangering another,[2] endangering the welfare of a child,[3] and possessing an instrument of crime.[4] All of the charges stemmed from appellant's beating of his seven year old stepson with a stick. On direct appeal, appellant contends that we should vacate judgment on all the charges because there was insufficient evidence that he was motivated by ill will or malice toward the child. Appellant also contends that the evidence of serious bodily injury was insufficient to sustain his conviction for aggravated assault and that the stick used in the beating is not an instrument of crime. We agree only that the stick is not an instrument of crime. Because we do not think that the improper conviction for possession of an instrument of crime influenced the sentence on the remaining counts, we affirm the other judgments of sentence and do not remand for resentencing.

"In appraising the sufficiency of evidence, we must apply a two-step test. First we must regard the evidence in the light most favorable to the Commonwealth, accepting as true all evidence upon which the fact finder could properly have based its verdict; then we must ask whether that evidence, with all reasonable inferences from it, was sufficient to prove guilt beyond a reasonable doubt." *Commonwealth v. Eddington*, 255 Pa.Super. 25, 26, 386 A.2d 117, 118 (1978). *See Commonwealth v. Hamm*, 474 Pa. 487, 378

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 2702(a)(1).

2. The Crimes Code, *supra*; 18 Pa.C.S. § 2705.

3. The Crimes Code, *supra*; 18 Pa.C.S. § 4304.

4. The Crimes Code, *supra*; 18 Pa.C.S. § 907(a).

A.2d 1219 (1977); *Commonwealth v. Holguin*, 254 Pa.Super. 295, 385 A.2d 1346 (1978). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468, 478 (1977). *See Commonwealth v. Williams*, 252 Pa.Super. 435, 381 A.2d 1285 (1978).

Regarded in the light most favorable to the Commonwealth, the evidence presented at appellant's non-jury trial on December 21, 1976 may be summarized as follows:

On June 29, 1976, appellant lived with his wife, Ms. Debra Moore, and her seven year old son Lamont. Appellant is not Lamont's biological or adoptive father. Ms. Moore had authorized appellant to discipline Lamont. When appellant and his wife returned home on that day, they discovered that Lamont had admitted some of his friends into the house, an act they expressly warned him not to do. Ms. Moore sent Lamont upstairs to his room and went to the supermarket. While she was gone, appellant went upstairs to Lamont's room and told Lamont that he would have to whip him for his disobedience. Appellant testified: "So I leaned him over the bed and I just picked up the first thing I seen—just started chastising him. So I started chastising him; so then after I, I stopped, I seen that he fell to the floor; Lamont likes to play a lot of games, and I told him to stand up and he said, 'Daddy, I can't'." Appellant further admitted that he hit Lamont four or five times and that he had a quick temper and was feeling gloomy that day. When Ms. Moore returned home, she heard Lamont crying, went upstairs, and saw appellant beating Lamont's bare bottom with a stick. Appellant described the stick as "a little paddle stick;" no other description of the stick appears in the trial record. Lamont was taken to a hospital very soon thereafter where an officer from the Juvenile Aid Division of the Philadelphia Police Department saw him in the early morning hours of June 30, 1976. The officer described Lamont's injuries as "a lot swelling on his buttocks, bruises, all around towards the rear back and of his buttocks and,

[she believed], his ankle." Ms. Moore testified that at the time of trial, almost six months after the incident, Lamont was still in the hospital.

On the basis of the above evidence, the lower court found appellant guilty of all charges. After denying timely filed written post-verdict motions, the lower court sentenced appellant to five to ten years imprisonment for aggravated assault and concurrent terms of probation of two years each for recklessly endangering another, possession of an instrument of crime, and endangering the welfare of a child. This appeal followed.

Appellant contends that we should vacate all of his convictions because he was legally justified in inflicting corporal punishment upon his stepson and was not motivated by ill will or malice when he hit him. "[P]arents [do] have the right to use corporal punishment when raising their children." *Commonwealth v. Kramer*, 247 Pa.Super. 1, 7, 371 A.2d 1008, 1010 (1977). 18 Pa.C.S. § 509(1) specifically provides that:

"The use of force upon or toward the person of another is justifiable if:

(1) The actor is the parent or guardian or other person similarly responsible for the general care and supervision of a minor or a person acting at the request of such parent, guardian or other responsible person and:

(i) the force is used for the purpose of safeguarding or promoting the welfare of the minor, including the preventing or punishment of his misconduct; and

(ii) the force used is not designed to cause or known to create a substantial risk of causing death, serious bodily injury, disfigurement, extreme pain or mental distress or gross degradation."

"However, at some point permissible corporal punishment no longer is such, but becomes malicious abuse." *Commonwealth v. Kramer, supra*, 247 Pa.Super. at 7, 371 A.2d at 1011. In *Commonwealth v. McFadden*, 448 Pa. 277, 292 A.2d 324 (1972), our Supreme Court refused to find malice when the accused, intending to discipline a three year old child for

bouncing on a bed by spanking him on the backside, caught the child in flight and struck him once in the abdomen, killing him. The Court distinguished *Commonwealth v. Bowden,* 442 Pa. 365, 276 A.2d 530 (1971), where it found sufficient evidence of malice to sustain a second degree murder conviction against a stepfather who spanked his six year old stepson with a stick, because the stepfather in *Bowden* should have realized the consequences a severe and prolonged stick beating would have upon his stepson. Under the old Penal Code,[5] legal malice meant not only ill will or a specific intent to cause the result achieved but also reckless conduct and "the wanton and willful doing of an act with knowledge of circumstances indicating awareness of a plain and strong likelihood that such harm may result." *Commonwealth v. Rife,* 454 Pa. 506, 312 A.2d 406, 410 (1973), citing R. Perkins, Criminal Law (1957), p. 679. *See Commonwealth v. Lees,* 199 Pa.Super. 383, 185 A.2d 815 (1962).

Malice is not an express element of any of the crimes appellant was convicted of under the new Crimes Code. Act of December 6, 1972, P.L. 1482, No. 334, § 1, effective June 6, 1973. Instead, the new Crimes Code requires that the Commonwealth prove that appellant acted with criminal intent, knowledge, or recklessness. *See* 18 Pa.C.S. §§ 907(a) (possessing an instrument of crime, generally, requires proof of "intent to employ it criminally"), 2702(a)(1) (aggravated assault requires proof that the accused acted "intentionally, knowingly or recklessly"), 2705 (recklessly endangering another requires proof that the accused acted "recklessly"), and 4304 (endangering the welfare of a child requires proof that the accused acted "knowingly"). 18 Pa.C.S. § 302(b)(1), (2) and (3) define these three kinds of culpability.[6] Even when an accused did not intend or contemplate the actual result achieved, criminal intent and knowledge are still established if "the actual result involves the same kind of injury or harm as that designed or contemplated and is not too remote or accidental in its

5. The Penal Code, Act of June 24, 1939, P.L. 872, § 101 et seq.

6. 18 Pa.C.S. § 302(b) provides in pertinent part:

occurrence to have a bearing on the actor's liability or on the gravity of his offense." 18 Pa.C.S. § 303(b)(2). Similarly, even if the accused was not aware of the risk he ran of achieving the actual result, a court can find him guilty of criminally reckless conduct if "the actual result involves the same kind of injury or harm as the probable result and is not too remote or accidental in its occurrence . . . ." 18 Pa.C.S. § 303(c)(2). As with other elements of crime, the trier of fact may infer criminal intent, knowledge and recklessness from circumstantial evidence. *See Commonwealth v. Alexander,* 477 Pa. 190, 383 A.2d 887 (1978); *Commonwealth v. Hardick,* 475 Pa. 475, 479, 380 A.2d 1235, 1237 (1977); *Commonwealth v. Holguin, supra; Commonwealth v. Martin,* 251 Pa.Super. 190, 380 A.2d 422 (1977).

In the instant case, appellant, a large man, weighing 265 pounds, beat his seven year old stepson with a stick. From Ms. Moore's testimony that she first heard her son Lamont crying when she returned home and that upon going upstairs she observed appellant beating him with the stick, the court could properly infer that the beating lasted for some time, unlike the situation in *McFadden, supra.* The

"(1) A person acts intentionally with respect to a material element of an offense when:
(i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and
(ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.
"(2) A person acts knowingly with respect to a material element of an offense when:
(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and
(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.
"(3) A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation."

beating Lamont took on his backside, buttocks and thighs was so severe that he could not stand, a condition appellant noticed, and had to be taken to a hospital where he remained for approximately six months. Under these circumstances, the court could properly conclude that appellant acted intentionally, knowingly, and recklessly. 18 Pa.C.S. § 302(b)(1), (2) and (3). *Alexander, supra; Hardick, supra; Holguin, supra.* Moreover, assuming *arguendo* that appellant specifically intended to administer only a traditional disciplinary spanking for misbehavior, an act protected under 18 Pa.C.S. § 509(1), the evidence remains sufficient to sustain the requisite findings of intent, knowledge, and recklessness because the actual harm done to Lamont involved the same kind of harm that appellant admittedly contemplated and was not too remote or accidental. 18 Pa.C.S. § 303(b) and (c).

Appellant next contends that the evidence was insufficient to sustain a guilty verdict for aggravated assault because there was no evidence that he caused or attempted to cause serious bodily injury. The Crimes Code defines "serious bodily injury" as: "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. In *Commonwealth v. Stancil,* 233 Pa.Super. 15, 334 A.2d 675 (1975), we held that evidence that the victim was beaten, stomped and left semi-conscious but not permanently injured was sufficient to prove an attempt to cause serious bodily injury. In *Commonwealth v. Alexander, supra,* 477 Pa. at 193, 383 A.2d at 889, our Supreme Court outlined some of the circumstances from which a factfinder could properly conclude that an accused harbored the requisite intent to inflict serious bodily injury: whether the accused was disproportionately larger or stronger than the victim; whether the accused had to be restrained from escalating his attack; whether the accused made any statements indicating his intent to inflict injury.

In the instant case, appellant, a 265 pound adult, beat a seven year old child with a stick so severely that the child

fell to the floor and could not afterwards stand. The child was taken to the hospital where he remained for approximately six months. We conclude from these facts that appellant not only criminally attempted to cause but did in fact cause serious bodily injury.

Lastly, appellant contends that the "little paddle stick" he used to beat the child is not an instrument of crime. An instrument of crime is:

"(1) [a]nything specially made or specially adapted for criminal use; or

(2) anything commonly used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S. § 907(c). In *Commonwealth v. Rios*, 246 Pa.Super. 479, 371 A.2d 937 (1977), we held that a hammer used in an assault was not an instrument of crime because it had not been reshaped or specially constructed to inflict bodily injury and was not so commonly used in the commission of crimes that our legislature intended to prohibit its possession. Not all objects used for criminal purposes are instruments of crime; our legislature intended to criminalize only "the possession of certain *readily recognizable* instrumentalities of crime under circumstances demonstrating the possessor's intent to commit a crime." *Id.*, 246 Pa.Super. at 487, 371 A.2d at 941 (emphasis added).

In the instant case, appellant went into his seven year old stepson's room and beat the boy with the first thing he saw there: "a little paddle stick." There is absolutely no evidence that the stick was reshaped or specially constructed to inflict bodily injury. Moreover, a stick is simply not so commonly used in the commission of crimes that the legislature intended to prohibit its possession. Accordingly, we find the evidence insufficient to convict appellant of possession of an instrument of crime. Appellant's conviction on that charge should be vacated and the indictment quashed.

In *Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1972), we stated that the invalidity of one convic-

102

tion would usually require us to vacate and remand the remaining counts for resentencing because the invalid conviction " 'may have influenced the sentence . . .'." *Id.*, 223 Pa.Super. at 65, 296 A.2d at 886, quoting *McGee v. United States*, 462 F.2d 243, 246 (2d Cir. 1972). In the instant case, the lower court sentenced appellant to two years probation for possession of an instrument of crime, which conviction we have now held invalid, such probation term to run concurrently with both appellant's sentence of five to ten years imprisonment for aggravated assault and his two other two-year probation terms for recklessly endangering another and endangering the welfare of a child. We believe that under the particular circumstances of this case—a brutal beating of a child and the imposition of a *de minimis* sentence for possessing an instrument of crime—that the invalid conviction for possessing an instrument of crime did not influence the lower court's sentences on the remaining valid convictions. It would therefore be judicially inexpedient to remand those remaining convictions for resentencing.

For the reasons stated above, the conviction for possession of a stick as an instrument of crime is vacated and the information quashed. The sentences on the remaining counts are affirmed.