409 A.2d 891

**COMMONWEALTH of Pennsylvania**

v.

**Langston WATSON, Appellant.**

Superior Court of Pennsylvania.

Argued July 16, 1979.

Filed Sept. 7, 1979.

Petition for Allowance of Appeal Denied Feb. 4, 1980.

Henry T. Crocker, Pottstown, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

O'BRIEN, Judge:

Appellant, Langston Watson, was convicted by a jury of murder in the third degree. Post-verdict motions were denied and appellant was sentenced to a prison term of nine to twenty years. This appeal followed.

The facts are as follows. At 4:38 A.M. on January 9, 1977, a City of Reading ambulance driver was sent to a Reading address where he found a little girl, Desiree Singleton, age 7, lying lifeless on a sofa with a woman attempting to give her mouth to mouth resuscitation. Finding no sign of life in the child, the ambulance driver asked those present what had happened. Appellant Langston Watson stated that he had beat the child the prior evening while disciplining her. Police were called and appellant admitted to beating the child across the buttocks with a chair leg and slapping her in the face. The victim's eleven year old brother, Curtis, testified that he had seen his sister tied to a pole in the cellar while appellant slapped her, causing her head to strike the pole to which she was tied. The cause of death was swelling of the brain caused by multiple trauma to the skull.

■ Appellant first argues the trial court erred in refusing a motion for mistrial sought because a table leg marked Exhibit "B" was seen by the jury but never admitted into evidence. The table leg was marked and was left on a table with other exhibits. The prosecutor attempted to introduce the leg by testimony of a police officer who testified he was given the leg by the victim's brother who

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania, and Judge ROBERT W. HONEYMAN of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

found it in the victim's bedroom. Further, in appellant's confession, he admitted beating the victim with the table leg in her bedroom. The trial court, however, found an insufficient nexus and ruled the exhibit inadmissible. The table leg was immediately removed from the courtroom, and the court instructed the jury to consider only the evidence which had been admitted.

The American Bar Association Standards Relating to the Prosecution Function, § 5.6(c) (approved draft 1971) states:

"It is unprofessional conduct for a prosecutor to permit any tangible evidence to be displayed in the view of the judge or jury which would tend to prejudice fair consideration by the judge or jury until such time as a good faith tender of such evidence is made."

In *Commonwealth v. Gardner*, 246 Pa.Super. 582, 371 A.2d 986 (1977), this court was required to apply the above-quoted section where a prosecutor displayed to the jury two jackets, a pistol and several bullets which were subsequently held inadmissible because of a gap in the chain of custody. As this court stated:

"In the instant case, any prejudice was minimal. The gun was exhibited only once in the course of a two day trial. The district attorney did not flaunt the gun before the jury or comment on it in his closing argument. Moreover, four witnesses testified that Gardner possessed a handgun at the time of the robbery. During his charge, the [judge] cautioned the jury as follows:

'[T]here will go with you to the jury room one exhibit, which is the only exhibit I admitted into evidence. . .

The other exhibits were not admitted into evidence. . . . and are not for your consideration in your deliberations in this case.'

"Under our law, prejudice resulting from erroneously admitted evidence may be rectified by cautionary instructions. *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975); *Commonwealth v. Murray*, 437 Pa. 326, 263 A.2d 886 (1970). The same should be true where the evidence is never admitted. Under all the circumstances

presented in this case, it is clear that any possible error by the district attorney was harmless. See e. g., *Commonwealth v. Biebighauser*, 450 Pa. 336, 300 A.2d 70 (1973); *Commonwealth v. Pearson*, 427 Pa. 45, 233 A.2d 552 (1967)." Id., 246 Pa.Super. at 594, 371 A.2d at 992.

In the instant case, the prosecutor never brought the table leg to the jury's attention; rather, the leg was on a table containing all exhibits to be used. After the prosecutor failed in his good faith attempt to have the exhibit admitted, the table leg was removed from the courtroom. In light of the trial court's cautionary instruction, we find insufficient prejudice to require granting of a mistrial. Appellant's contention is thus without merit.

■ Appellant next argues the court erred in refusing a motion for a mistrial after an allegedly unresponsive answer given by Commonwealth witness Curtis Singleton. When attempting to question the victim's brother about the table leg, eleven year old Curtis Singleton was asked if he could identify the table leg. He responded: "This the leg [appellant] beat my sister with." Counsel objected and moved for a mistrial. The objection was sustained, the answer ordered stricken with instructions for the jury to disregard the answer. The court, however, denied the motion for a mistrial.

In *Commonwealth v. Palmer*, 463 Pa. 26, 36, 342 A.2d 387, 392 (1975), our Supreme Court stated:

"' "[e]very unwise or irrelevant remark made in the course of a trial by a judge, a witness, or counsel does not compel the granting of a new trial"'. Rather the remark must be ' "*of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial*"'."

(Emphasis in original, citations omitted).

In light of the immediate cautionary instruction which was given, we perceive insufficient prejudice to require the grant of a mistrial, especially since appellant admitted in his confession to using the leg to beat the victim.

■ For the same reason, we find no merit in appellant's third allegation of error, where he claims the court refused a motion for a mistrial because of unresponsive testimony of a police criminologist. While on direct examination, the criminologist testified he found what he believed to be spots of blood on the floor of the cellar. The court sustained appellant's objection and cautioned the jury to disregard the answer. Again, the court refused appellant's mistrial motion. In light of the cautionary instructions, we believe the prejudice to appellant is not great enough to grant a mistrial, especially since Curtis Singleton testified he saw his sister tied to a pole in the cellar, bleeding from the mouth. Appellant's contention is thus without merit.

■ Appellant finally argues the evidence is insufficient to sustain his conviction for murder in the third degree. Appellant believes that since he was only disciplining the victim, an otherwise lawful act, the evidence failed to prove the malice required for murder of the third degree. Appellant, however, fails to perceive the harshness of his treatment of the victim, especially where the victim was tied to a pole while being beaten. As the Supreme Court stated in *Commonwealth v. Bowden*, 442 Pa. 365, 368, 276 A.2d 530, 531 (1971):

"While this Court, like others, is loath to intervene in family disciplinary matters, criminal sanctions must be enforced even in that delicate area of human relations. It may be granted in the present case that appellant did not intend the death of his young stepson. The fact remains, nevertheless, that he, an adult then thirty-five years of age, inflicted upon a six year old boy a *cruel, wanton and ruthless beating with reckless disregard of the probability of great bodily harm*. The evidence supports beyond a reasonable doubt a finding of malice, and the lower court's verdict will not be disturbed." (Emphasis added.)

The evidence in the instant case is clearly sufficient to sustain appellant's conviction for murder of the third degree.

Judgment of sentence affirmed.