Commonwealth *v.* Stancil, Appellant.

16

Submitted December 2, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Stewart A. Bernstein,* and *Kanter, Bernstein & Miller,* for appellant.

*Frank Froncek, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., March 31, 1975:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Philadelphia County, Criminal Division, by Gregory Stancil, the defendant-appellant, after conviction of aggravated assault, burglary and criminal conspiracy, in a non-jury trial.

The complaining witness, a seventy-six (76) year old man was aroused by noises outside his apartment. When he descended the steps to investigate, he was pushed back up the stairs into his apartment by two unidentified males that later proved to be the appellant and his co-defendant, Matthew Bynum, whose appeal after conviction was affirmed, per curiam, on April 10, 1975, 232 Pa. Superior Ct. 739 (1975). The complainant was later found semi-conscious after being beaten and stomped. A radio, a fan and a television set were taken from the apartment.

A police officer saw the appellant, who was bleeding heavily from the right hand, in the street. When he did not answer the officer's questions as to the cause of the injury, the officer followed a trail of fresh blood to the entrance door of the apartment. He found the co-defendant, Bynum, trying to close the door with fresh blood still on the door handle. Inside the door were the fan and radio from the apartment which was located on the second floor. Upstairs in the apartment was the semi-conscious complaining witness as well as an identification bracelet that the appellant positively identified as his own.

At trial appellant and his co-defendant testified that they were elsewhere at the time that the crime was committed and the appellant testified that he had helped the complaining witness move in a month before the incident and that he had lost his identification bracelet at that time. The witness was unable to identify his assailants.

Appellant contends the alleged assault on the complaining witness does not rise to an aggravated assault but was, at most, simple assault. The new Crimes Code at 18 Pa. C.S. §2702 (a) (1) and (a) (4) defines aggravated assault as:

"(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly

or recklessly under circumstances manifesting extreme indifference to the value of human life.

"(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon."

The court below in its opinion found "a[n] aggravated assault had been established from the evidence of the attempt by the defendant to cause serious bodily injury on the complainant by 'stomping' with the feet and 'beating' the complainant."

Previous cases interpreting aggravated assault under our old Penal Code held cuts and abrasions and a black eye to be sufficient. *Commonwealth v. Rife*, 454 Pa. 506, 312 A. 2d 406 (1973). The same case further stated that a foot (stomping) could be a sufficient weapon to make an assault aggravated.

The second part of appellant's argument is that even if the acts might be construed to be aggravated assault, the fact that the seventy-six year old complaining witness did not suffer any permanent injury would reduce the offense to simple assault. The fact that he was beaten and "stomped" is sufficient display of recklessness to constitute aggravated assault. Also, the act defines aggravated assault as an attempt which does not require that the victim actually be seriously injured.

Finally, as was pointed out by the California Court: "It is not essential (for aggravated assault) that the victim be held over a blazing furnace or be fired upon with an atomic weapon. The stroke of a fist or the kick with a shoe has invalided many a man or caused him to go into decline or to suffer neurasthenic disorders for his remaining years. But whether the blow of a fist or the kick of a shoe was of such force as was likely to produce great bodily injury was a question for the jury." *People v. McCaffrey*, 118 Cal. App. 2d 611, 258 P. 2d 557, 561 (1953). The new penal code will permit a finding of aggravated assault on the facts of this case.

It is virtually impossible to make a prophylactic rule to cover this problem. It depends on the facts of the individual case as to the means used for the assault and the resulting damage from which it may be inferred that the attempt was to cause serious bodily harm under the circumstances as provided by the Act.

Appellant also contends that the purely circumstantial evidence is not sufficient to connect appellant to the alleged crime. This is without merit. Appellant was found wandering in the street with a fresh wound. A trail of blood led to the complaining witness's apartment door and the blood further led upstairs to the apartment. His identification bracelet was found in the apartment. This is more than sufficient to link appellant with the beating.

See, *Commonwealth v. Bynum,* supra, where the chief issue was the sufficiency of the evidence. The evidence in this case is much stronger and as indicated above is certainly sufficient to sustain a conviction. It also is sufficiently independent to stand without the evidence against the co-defendant.

Judgment of sentence affirmed.