## Commonwealth v. Jacobson

*Frederick F. Coffroth, District Attorney,* for Commonwealth.

*Myron I. Markovitz,* of *Gleason, DiFrancesco, Shahade & Markovitz,* for defendant.

COFFROTH, *P.J.,* December 11, 1975— Defendant has filed motions in arrest of judgment on his nonjury convictions of criminal trespass and simple assault.

The questions of law raised are:

(1) In a prosecution for criminal trespass under Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §3503 (a) (1), must entry into the building or structure be gained by subterfuge?

(2) In a prosecution for simple assault under

Crimes Code §2701 (a) (1) and (3), is evidence in this case sufficient to show that defendant "attempts to cause or intentionally, knowingly or recklessly causes, bodily injury" or "attempts by physical menace to put another in fear of imminent serious bodily injury."

## CRIMINAL TRESPASS

Crimes Code §3503 (a) (1) provides: "A person commits an offense if, knowing that he is not licensed or privileged to do so, he *enters or gains entrance by subterfuge* or surreptitiously remains in any building or occupied structure, or separately secured or occupied portion thereof." (Emphasis supplied.)

Defendant openly and by force and violence broke into his estranged wife's home, knowing that he was not licensed or privileged to do so. But he did not enter by subterfuge, nor did he gain entrance by subterfuge, nor did he surreptitiously remain therein.

The defense contention is that the entry or gaining of entrance must be by subterfuge. The Commonwealth contends that in the phrase "enters or gains entrance by subterfuge," the word subterfuge modifies and applies only to "gains entrance," not to "enters," so that any unlicensed and unprivileged entry knowingly made is a criminal trespass, whether or not gained by subterfuge or surreptitiously.

We agree with the Commonwealth position, and hold that the section must be construed as though it were punctuated by commas as follows: "A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters, or gains entrance by subterfuge, or surreptitiously remains

in, any building or occupied structure, or separately secured or occupied portion thereof."

That this is the correct reading of legislative intent is supported by two considerations:

First, the section is taken from sections 221.2 of the Model Penal Code which omits the words "or gains entrance by subterfuge," and reads as follows: "A person commits an offense if, knowing that he is not licensed or privileged to do so, *he* enters or surreptitiously remains in any building or occupied structure . . ." (Emphasis supplied.) The Pennsylvania draftsmen merely inserted, after the word "enters," the clause: "or gains entrance by subterfuge."

This metamorphosis reveals the legislative intention. It was not intended to alter or to make less restrictive the basic meaning of the Model Penal Code, which made criminally unlawful any entry into a building or structure which was knowingly made without license or privilege; rather, the intention was to tighten the language by adding words which would clearly also criminally proscribe an entry under a consent or license obtained by subterfuge.

It is elementary in the construction of statutes that punctuation is not conclusive, but may freely be changed to effectuate the legislative intention: 34 P.L.E. 454 §136; 1 Pa. C.S.A. §1923.

Second, were we to apply section 3503(a)(1) only to entries gained by subterfuge, a great gap in criminal trespass protection would result, for no building or occupied structure would be safe from the kind of unlicensed and unprivileged, brazen and forceful, breaking-in, without any deception or subterfuge, as in the instant case. No other section or subsection of the Code proscribes such conduct.

It is unthinkable to us that the legislature intended to expose buildings and occupied structures to such menace without criminal sanction.

In the recent case of Commonwealth v. Carter, 236 Pa. Superior Ct. 376, 344 A.2d 899 (1975), the Superior Court, without adopting the same reasoning as we have, reached the same conclusion, saying: "The appellant claims that to prove an entry which is not licensed or privileged the Commonwealth must show an entry by subterfuge. He claims that the words, 'by subterfuge' modify the words, 'he enters'. The Statutory Construction Act of 1972 provides that 'words and phrases shall be construed according to rules of grammar and according to their common and approved usage.' It appears clear that the words in the statute 'if, knowing that he is not licensed or privileged to do so, he enters . . . any building . . .' may properly constitute a criminal trespass. Entry alone is an element of the crime and is not limited by any additional requirement of 'subterfuge.' " See also footnote 3 of the dissenting opinion in Carter. The Superior Court then concludes (4-3) that criminal trespass may be a lesser included offense of burglary.[1].

1. In our recent decision in Commonwealth v. Anderson, 31 Somerset 67, where the issue of statutory construction here involved was not presented or argued, we incorrectly assumed that subterfuge in the entry was essential to the offense of criminal trespass. See footnote 3 of that opinion. Commonwealth v. Carter, cited and quoted above, was decided September 22, 1975, but was first published in the November 8, 1975 issue of Atlantic 2d Reporter advance sheets, which reached us after our decision in Anderson on November 10, 1975, issue of Atlantic 2d Reporter advance sheets, which reached us after our decision in Anderson on November 10, 1975. Had we had in Anderson the benefit of the brief pre-

## SIMPLE ASSAULT

Defendant is charged with violation of Crimes Code sections 2701(1) and (3) which provide as follows:

"A person is guilty of assault if he: (1) Attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another; (2) . . . ; or (3) Attempts by physical menace to put another in fear of imminent serious bodily injury."

The evidence shows that after defendant entered his estranged wife's home by breaking open the door with a broom, he engaged his wife in argument, grabbed a kitchen knife, repeatedly slapped her across the face with one hand while holding the knife in the other, urging her to take the knife and "put me out of my misery."

We have no problem in concluding that defendant attempted to cause and did intentionally, knowingly or recklessly cause bodily injury, in violation of Code section 2701(1) supra. "Bodily injury" is defined in section 2301 as: "Impairment of physical condition or substantial pain." Although impairment of physical condition is debatable, she suffered substantial pain from being repeatedly struck hard across the face, and defendant at least *attempted* to cause bodily harm as above defined.

---

sented in the instant case by the Commonwealth, or had we then had the benefit of Commonwealth v. Carter, supra, the Commonwealth's proposal in Anderson, alternative to sustaining Anderson's burglary verdict, that the Court en banc reduce the burglary to the lesser included offense of criminal trespass, might have been entitled at least to further consideration as an alternative to our holding that judgment in the burglary conviction must be arrested altogether. See footnote 2 in Anderson.

The facts are also sufficient to put defendant's wife in fear of serious bodily harm under section 2701(a)(3), supra, taking the context of circumstances as a whole and bearing in mind that complainant was a slight woman and defendant a man of 235 pounds. The term "serious bodily injury" is defined in Code section 2301 as: "Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

Although defendant did not actually cause such serious bodily harm, one may "attempt(s) by physical menace to put another in fear" of it, whether or not the attempt is successful in actually causing such fear. If such serious bodily harm is in fact caused or attempted, the assault is aggravated under section 2702(a)(1). In simple assault under section 2701(a)(3), only the *attempt* by physical menace to *put in fear* of imminent serious bodily harm is required.

The facts of each individual case must be examined to determine the intention and effect of the acts done. See and compare Commonwealth v. Stancil, 233 Pa. Superior Ct. 15, 19, 334 A.2d 675 (1975); Commonwealth v. Shaw, 29 Somerset 380, 391. In the instant case, the facts plainly show that defendant not only attempted to put his wife in fear of imminent serious bodily injury but actually did put her in fear of it.

### ORDER

Now, December 11th, 1975, defendant's motions in arrest of judgment are denied. Defendant shall be scheduled for sentencing.