**Commonwealth v. Diggs**

*Jude Conroy, assistant district attorney,* for the Commonwealth.

*Kathleen M. Gaughan,* for defendant.

GORDON, *J.,* December 23, 1991—This is a post-trial motion filed by the defendant William Diggs challenging the sufficiency of the evidence at trial to sustain a guilty verdict to a conviction of aggravated assault, a felony of the second degree, alleging that the Commonwealth failed to establish that a screwdriver was a deadly weapon pursuant to the statutory laws of Pennsylvania.

The defendant was tried on June 27, 1991. Diggs waived his right to a jury trial. He was charged on the bill of information no. 2398, January Term, 1991 with recklessly endangering another person.[1] The defendant was charged with indecent exposure pursuant to bill of information no. 2399.[2] On the bill of information no. 2400, he was charged with simple assault[3] and aggravated assault.[4] On bill of information no. 2401, the defendant was charged with possessing an instrument of crime generally[5] and possessing an instrument of crime-concealed weapon,[6] and on bill no. 2403, he was charged with open lewdness.[7] The defendant entered pleas of not guilty on all the bills.

1. 18 Pa.C.S. §2702.
2. 18 Pa.C.S. §3127.
3. 18 Pa.C.S. §2701.
4. 18 Pa.C.S. §2702.
5. 18 Pa.C.S. §907(a).
6. 18 Pa.C.S. §907(b).
7. 18 Pa.C.S. §5901.

The defendant was found guilty on the charges of recklessly endangering the life of another, simple assault, aggravated assault, in the second degree, possessing an instrument of crime, possessing an instrument of crime a weapon, and open lewdness. A demurrer was sustained to the charge of indecent exposure.

The defendant filed a timely motion for post-trial relief. Argument was heard on the motion on September 25, 1991, and the motion was denied. The defendant was then sentenced to a period of incarceration on bill no. 2400 and bill no. 2401. Sentence was suspended on the remaining bills. The following are the facts upon which the adjudication was based.

Tamara Williams testified that while walking in the vicinity of the 5300 block of Ruby Street or Chester Avenue, an intersection that comes together there, she saw the defendant urinating and shaking his penis towards her. She told him to stop because it was "disrespectful." The defendant replied, "what bitch," and slapped Ms. Williams. Williams then hit Diggs, knocking him down to the ground. As Williams started walking away, Diggs got up, approached Williams and stabbed her once in the neck with a Phillips screwdriver. Williams received medical treatment for her injuries the next morning. The wound has left a small scar on the side of the victim's neck.

Based on the foregoing the court concluded the evidence was sufficient to sustain a conviction for aggravated assault as well as the other charges of which the defendant was convicted.

The issue before this court is whether or not a screwdriver is a deadly weapon within the purview of the statute to support a conviction for aggravated assault?

Pennsylvania Consolidated Statutes, title 18, §2702(a)(4) provides in pertinent part that:

"A person is guilty of aggravated assault if he ... attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon."

To determine if the defendant should have been convicted under this section, we must look at the means used for the assault and the resulting damage from which it may be inferred that there was an attempt to cause bodily injury under the circumstances as provided by the act. *Commonwealth v. Stancil,* 233 Pa. Super. 15, 334 A.2d 675 (1975). In particular circumstances the use of certain implements would support an inference of purpose or recklessness leading to a conviction. Applying this test, our courts have held that a broken beer bottle was a "deadly weapon." *Commonwealth v. Sanders,* 219 Pa.Super. 79, 280 A.2d 598 (1971), a foot used to stomp a victim, *Commonwealth v. Stancil, supra,* and a tire iron were also found to be a "deadly weapon." *Commonwealth v. Cavanaugh,* 278 Pa. Super. 542, 420 A.2d 674 (1980). In all of these cases, convictions for aggravated assault were upheld.

Recently in *Commonwealth v. Eddowes,* 397 Pa. Super. 551, 580 A.2d 769 (1990), the Superior Court had an opportunity to determine if the use of a screwdriver during an assault was a "deadly weapon." In that case, after having waved a rifle at one person, Eddowes went into his home and returned with a screwdriver. He used the screwdriver to stab the person who he had waved the rifle at earlier and slashed at a second individual (Hepps) with the screwdriver, although he did not wound Hepps.

After having been convicted of aggravated assault on Hepps, Eddowes alleged the evidence was insuf-

ficient to convict him because he did not cause any serious injury. The court rejected this argument and held that slashing at the victim with a screwdriver was sufficient to support the defendant's conviction for aggravated assault even though he did not cause any serious injury. This was because this was the same screwdriver used to stab the murder victim in the case. The court said the statute punishes attempts as well as completed assaults.

In the case at bar, the evidence is uncontradicted that while Williams was walking away from the defendant after their initial confrontation, Diggs stabbed her in the neck with a screwdriver. The stabbing caused a deep hole in her neck. It is the opinion of this court based on this set of facts, that the defendant intended, and did cause, bodily injury to the complainant. There can be no doubt that the act of the defendant caused grievous bodily harm to Williams.

The facts of this case, and the means used for the assault and the resulting damage support a finding that an aggravated assault occurred on the complainant. We believe this is fortressed by the holding in *Eddowes, supra.*

We may note here that our courts have held that even though the implement used to commit an aggravated assault is a "deadly weapon," it in and of itself, may not be an instrument of crime pursuant to 18 Pa.C.S. §907 of the Crimes Code. *Eddowes, supra; Cavanaugh, supra.* In *Eddowes,* even though the defendant's conviction was upheld for aggravated assault, the screwdriver used by him was found not to be an instrument of crime.

In summary, the context by which the screwdriver was used under the present circumstances and the fact that our courts have concluded that a screwdriver is

not commonly used for criminal purposes, judgment should be arrested on the charge of possession of an instrument of crime. There is, however, sufficient evidence to let stand the defendant's conviction on the charge of aggravated assault.

For the foregoing reasons, the defendant's motion for post-trial relief was denied.