J-S02039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE HOLMAN | |
| Appellant | No. 330 EDA 2015 |

Appeal from the Judgment of Sentence entered December 22, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0011763-2011

BEFORE: SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 11, 2016**

Appellant Andre Holman appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County ("trial court"), following a jury trial that resulted in Appellant being found guilty of robbery, aggravated assault, and simple assault.[1] Upon review, we affirm.

The facts and procedural history underlying this case are undisputed. Appellant was charged with, *inter alia*, robbery, aggravated assault and simple assault in connection with a violent incident that occurred on December 20, 2010. Appellant's case proceeded to a jury trial. The trial court summarized the testimony presented at trial as follows:

> On December 20, 2010, at approximately 5:50 p.m., [victim] Marcus Durham was walking through the Gallery Mall at 1100

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) , 2702(a), and 2701(a), respectively.

Market Street in Philadelphia when a man approached him and grabbed the handle of the shopping bags he was carrying. The two began to tussle.

The [victim] testified at the preliminary hearing that [Appellant] and another man came out of a store in the mall and started "jumping" him. [Appellant] punched him in the face three or four times. After knocking the [victim] to the ground, [Appellant] kicked him in the back four or five times, then stomped on his chest and back seven or eight times. Mall security came and broke up the fight.

The [victim] walked approximately ten feet towards the subway when [Appellant] came at him again, this time with two male accomplices. [Appellant] punched him in the face five or six times; [the victim] was hit approximately twelve or thirteen times in total during the second altercation. [The victim] was taken to Jefferson University Hospital as a result of the injuries sustained to his head, neck, and back.

The [victim] testified that [Appellant] took his shopping bags from him during the second fight. The police returned them.

Terrell Rodney testified that he was employed as a security guard at the Gallery Mall on the date of the incident. He responded to a radio call about a fight and broke it up upon arrival. Officers told Mr. Rodney to let the men go. Shortly thereafter, Mr. Rodney received a call reporting another fight. When he arrived, he observed the same individuals from the first altercation seated at a table in handcuffs. Three of the men were seated together; none of them appeared to be bleeding. Another man was seated separately; his face was covered in blood and blood was leaking from his clothing onto the floor.

Officer Mario DeLuca testified that he received a radio call for a report of a large fight at the Gallery Mall around 5:50 p.m. When he went to the lower level of the mall, he observed a large crowd and three men, including [Appellant], being detained by mall security. [Appellant] did not have any visible injuries. Officer DeLuca observed that the [victim] had multiple bruises and was bleeding from his nose.

Counsel stipulated that the [victim] was admitted to Jefferson University Hospital on December 20, 2010, at approximately 6:27 p.m. Initial observations by medical staff indicated that the [victim] was vomiting upon arrival to the Emergency Room; he had swollen nose, facial abrasions, tenderness around the nose and right mandible, with blood in his nose. The [victim] received CT scan of his head and spine, as well as x-rays of his left knee. He was diagnosed with a concussion, a bilateral nose bone fracture caused by blunt or thrown object, and multiple abrasions to the face.

Trial Court Opinion, 5/8/15, at 1-3 (internal record citation omitted). Appellant eventually was found guilty of robbery, aggravated assault and simple assault and sentenced to 4 to 8 years' imprisonment on the robbery conviction.[2]  Appellant timely appealed to this Court.  The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  Appellant complied, raising a single issue in his Rule 1925(b) statement.  Appellant argued only that "[t]he verdict was against the sufficiency of the evidence."  Rule 1925(b) Statement.  In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellant had "waived his challenge to the sufficiency of the evidence."  Trial Court Opinion, 5/8/15.  In so doing, the trial court reasoned that Appellant's Rule 1925(b) statement was vague and unspecific to allow the court to sufficiently identify and address the issues "he wishes to raise on appeal." *Id.*  In the alternative, the trial court concluded that Appellant's convictions for robbery, aggravated assault and simple assault were supported by sufficient evidence of record.

On appeal,[3] Appellant argues only that the evidence was insufficient to sustain his conviction for aggravated assault because the Commonwealth

---

[2] No additional sentence was imposed for the aggravated assault and simple assault convictions.

[3]  "A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in

*(Footnote Continued Next Page)*

failed to establish that he intended to cause or caused serious bodily injury to the victim.  As a result, Appellant argues that his conviction for robbery under Section 3701(a)(1)(ii) cannot stand.[4]

Preliminarily, we observe that Appellant failed to identify with specificity the argument on appeal in his Rule 1925(b) statement.  As mentioned earlier, Appellant's sole assertion of error in his Rule 1925(b) statement read in nine words: "The verdict was against the sufficiency of the evidence."  Rule 1925(b) Statement.  The trial court correctly noted, and it is well-settled, that:

*(Footnote Continued)* ─────────────

> the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Antidormi***, 84 A.3d 736, 756 (Pa. Super. 2014), ***appeal denied***, 95 A.3d 275 (Pa. 2014).

[4] To the extent Appellant challenges the in-court identification of Appellant, we find such challenge to be waived because it was not raised before the trial court.  ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

*Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006) (citation omitted), *appeal denied*, 919 A.2d 956 (Pa. 2007); Pa.R.A.P. 1925(b)(4). Moreover, our Supreme Court noted that in complex criminal proceedings, a vague Rule 1925(b) statement would not alert the trial court to the issues challenged on appeal. *See Commonwealth v. Laboy*, 936 A.2d 1058, 1060 (Pa. 2007) ("It may be possible in more complex criminal matters that the common pleas court may require a more detailed statement to address the basis for a sufficiency challenge."). Here, Appellant was convicted of three offenses and the trial court had to guess which conviction Appellant was challenging in his Rule 1925(b) statement and what the specific grounds were for the challenge. Accordingly, we agree with the trial court that Appellant waived his sufficiency challenge on appeal.

Even if Appellant's sufficiency challenge were not waived, we still would conclude that Appellant is not entitled to relief. After careful review of the parties' briefs, the record on appeal, and the relevant case law, we conclude that the trial court's 1925(a) opinion authored by the Honorable Rose Marie DeFino-Nastasi, adequately disposes of Appellant's issue on appeal. *See* Trial Court Opinion, 5/8/15, at 5-7. In concluding that

sufficient evidence supported Appellant's conviction for aggravated assault,[5]

Judge DeFino-Nastasi found:

> [Appellant] "jumped" the unarmed and unsuspecting [victim], punching him in the face, knocking him down, kicking and stomping on him. During the initial altercation, [Appellant] punched the [victim] in the face three or four times, kicked him in the back four or five times, and then stomped on his chest and back seven or eight times before mall security intervened. Apparently, this was not sufficient for [Appellant], as he proceeded to attack the [victim] again. During the second attack, [Appellant] hit the [victim] five or six times in the face.
>
> The [victim] was vomiting upon his arrival to the Emergency Room and was diagnosed with a concussion. He suffered a bilateral nose bone fracture caused by blunt force and had multiple abrasions on his face and nose.

Trial Court Opinion, 5/8/15, at 6 (internal record citations omitted). We, therefore, affirm the trial court's judgment of sentence. We direct that a copy of the trial court's May 8, 2015 Rule 1925(a) opinion be attached to any future filings in this case.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2016

_____

[5] A defendant is found guilty of aggravated assault when he, among other things, "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1).

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA

## CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :   CP-51-CR-0011763-2011

v.

CP-51-CR-0011763-2011 Comm. v Holman, Andre
Opinion

330 EDA 2015

ANDRE HOLMAN



7291930911

**OPINION**

**FILED**

MAY   8 2015

Rose Marie DeFino-Nastasi, J.

Criminal Appeals Unit
First Judicial District of PA

## PROCEDURAL HISTORY

On August 21, 2014, the Defendant was found guilty after a jury trial, presided over by the Honorable Rose Marie DeFino-Nastasi, of Robbery, 18 Pa.C.S. § 3701, as a felony of the first degree; Aggravated Assault, 18 Pa.C.S. § 2702, as a felony of the first degree; and Simple Assault, 18 Pa.C.S. § 2701, as a misdemeanor of the second degree.

On December 22, 2014, the Defendant was sentenced as follows: four (4) to eight (8) years incarceration for the robbery conviction; no further penalty for the aggravated assault conviction; the simple assault conviction merged for purposes of sentencing. Notes of Testimony (N.T.) 12/22/14 at p. 8.

On January 16, 2015, the Defendant filed the instant appeal.

On April 6, 2015, the Defendant filed a Statement of Matters Complained of on Appeal, pursuant to an order of the Court, claiming that there was insufficient evidence to sustain the verdict.

## FACTS

On December 20, 2010, at approximately 5:50 P.M, Complainant Marcus Durham was walking through the Gallery Mall at 1100 Market Street in Philadelphia when a man approached

1

him and grabbed the handle of the shopping bags he was carrying. N.T. 8/20/14 at pp. 61-63. The two began to tussle.

The Complainant testified at the preliminary hearing that Defendant Andre Holman and another man came out of a store in the mall and started "jumping" him. *Id.* at p. 63. The Defendant punched him in the face three or four times. After knocking the Complainant to the ground, the Defendant kicked him in the back four or five times, then stomped on his chest and back seven or eight times. *Id.* at pp. 59-65. Mall security came and broke up the fight.

The Complainant walked approximately ten feet towards the subway when the Defendant came at him again, this time with two male accomplices. *Id.* at p. 66. The Defendant punched him in the face five or six times; he was hit approximately twelve or thirteen times in total during the second altercation. *Id.* at pp. 65-67. The Complainant was taken to Jefferson University hospital as a result of the injuries sustained to his head, neck, and back. *Id.* at pp. 55, 68-69.

The Complainant testified that the Defendant took his shopping bags from him during the second fight. *Id.* at pp. 67-68. The police returned them. *Id.*

Terrell Rodney testified that he was employed as a security guard at the Gallery Mall on the date of the incident. N.T. 8/20/14 at pp. 95-97. He responded to a radio call about a fight and broke it up upon arrival. *Id.* at pp. 97-99. Officers told Mr. Rodney to let the men go. Shortly thereafter, Mr. Rodney received a call reporting another fight. When he arrived, he observed the same individuals from the first altercation seated at a table in handcuffs. *Id.* at pp. 103-05. Three of the men were seated together; none of them appeared to be bleeding. *Id.* at p. 103. Another man was seated separately; his face was covered in blood and blood was leaking from his clothing onto the floor. *Id.*

Officer Mario DeLuca testified that he received a radio call for a report of a large fight at the Gallery Mall around 5:50 P.M. N.T. 8/20/14 at pp. 17-19. When he went to the lower level of the mall, he observed a large crowd and three men, including this Defendant, being detained by mall security. The Defendant did not have any visible injuries. *Id.* at pp. 19-20. Officer DeLuca observed that the Complainant had multiple bruises and was bleeding from his nose. *Id.*

Counsel stipulated that the Complainant was admitted to Jefferson University Hospital on December 20, 2014, at approximately 6:27 P.M. N.T. 8/20/14 at p. 109. Initial observations by medical staff indicated the Complainant was vomiting upon arrival to the Emergency Room; he had a swollen nose, facial abrasions, tenderness around the nose and right mandible, with blood in his nose. *Id.* at pp. 109-10. The Complainant received CT scans of his head and spine, as well as X-rays of his left knee. He was diagnosed with a concussion, a bilateral nose bone fracture caused by blunt or thrown object, and multiple abrasions to the face. *Id.* at p. 110.

## ANALYSIS

The Defendant's 1925(b) Statement fails to be specific enough for this Court to identify and address the issues he wishes to raise on appeal. It only states that "[t]he verdict was against the sufficiency of the evidence." If a Rule 1925(b) Statement is too vague, the trial judge may find waiver and disregard any argument. *Com. v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006). A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. *Com. v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011). Thus, as a preliminary matter, this Court finds that the Defendant has waived his challenge to the sufficiency of the evidence.

## Sufficiency of the Evidence

The Defendant presumably contests the sufficiency of the evidence to sustain the verdict of guilt for Robbery and Aggravated Assault. Even if properly pleaded, this contention is without merit, as there was sufficient evidence to support the Defendant's convictions in the trial record.

It is well established that the test for sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all proper inferences favorable to the Commonwealth, the trier of fact could reasonably have determined all elements of the crime to have been established beyond a reasonable doubt. *Com. v. Matthew*, 909 A.2d 1254, 1257 (Pa. 2006). In applying this standard, the Commonwealth may sustain its burden of proof by means of wholly circumstantial evidence. *Com. v. Galvin*, 985 A.2d 783, 789 (Pa. 2009) (citing *Com. v. Cousar*, 928 A.2d 1025, 1032 (Pa. 2007)). Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty." *Com. v. Martuscelli*, 54 A.3d 940, 947 (Pa. Super. 2012) (quoting *Com. v. Badman*, 580 A.2d 1367, 1372 (Pa. Super. 1990) (citation omitted)). Additionally, the trier of fact, while passing on the credibility of witnesses and the weight of the evidence, is free to believe all, part, or none of the evidence. *Cousar*, 928 A.2d at 1032-33. The court is not to re-weigh the evidence and substitute its judgment for that of the fact-finder. *Com. v. Bullick*, 830 A.2d 998, 1000 (Pa. Super. 2003).

### *Robbery*

The Defendant challenges the sufficiency of the evidence for his Robbery conviction. "A person is guilty of robbery if, in the course of committing a theft, he . . . inflicts serious bodily injury upon another . . . [or] inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury." 18 Pa.C.S. § 3701(a)(1). "An act shall

4

be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." 18 Pa.C.S. § 3701(a)(2). The theft itself need not be consummated under the robbery statute. Bodily injury is an impairment of physical condition or substantial pain. 18 Pa.C.S. § 2301.

Testimony of the witnesses and the Complainant's medical records, viewed in a light most favorable to the Commonwealth, establish beyond a reasonable doubt that the Defendant inflicted serious bodily injury on the Complainant during a theft. The Defendant's act of taking the Complainant's shopping bags, repeatedly punching him in the face, kicking him in the chest and back, and "stomping" on him is sufficient evidence to sustain the conviction for robbery.

### *Aggravated Assault*

The Defendant next challenges the sufficiency of the evidence for his Aggravated Assault conviction. "A person is guilty of aggravated assault if he . . . attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life . . ." 18 Pa.C.S. § 2702(a)(1). "Serious bodily injury" means "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

When a victim actually sustains serious bodily injury, the Commonwealth can, but does not necessarily have to, establish specific intent to cause such harm. *Com. v. Burton*, 2 A.3d 598, 602 (Pa. Super. 2010), app. denied, 32 A.3d 1275 (Pa. 2011). The intent to cause serious bodily harm may be shown by circumstances surrounding the incident. *Com. v. Caterino*, 678 A.2d 389, 391 (Pa. Super. 1996) (citing *Com. v. Alexander*, 383 A.2d 887, 889 (Pa. 1978)). Furthermore, the conduct giving rise to the inference that the defendant intended to inflict serious bodily harm

need not in itself be life threatening. *Id.* The statute's intent requirement can be met if the defendant acts recklessly under circumstances manifesting an extreme indifference to human life. *Burton*, 2 A.3d at 602. A person acts recklessly with respect to serious bodily injury when he consciously disregards a substantial and unjustifiable risk that serious bodily injury will result from his conduct. *Com. v. Stancil*, 334 A.2d 675, 677 (Pa. Super. 1975) (evidence sufficient to sustain conviction for aggravated assault where complainant was beaten and stomped).

The jury was instructed on both Aggravated Assault – Causing Serious Bodily Injury and Aggravated Assault – Attempted Serious Bodily Injury. N.T. 8/20/14 at pp. 174-80. The jury found the Defendant guilty on both counts. N.T. 8/21/14 at p. 3. The Court sentenced only on the robbery. N.T. 12/22/14 at p. 8.

The Defendant "jumped" the unarmed and unsuspecting Complainant, punching him in the face, knocking him down, and kicking and stomping on him. During the initial altercation, the Defendant punched the Complainant in the face three or four times, kicked him in the back four or five times, and then stomped on his chest and back seven or eight times before mall security intervened. N.T. 8/20/14 at pp. 63-66. Apparently, this was not sufficient for the Defendant, as he proceeded to attack the Complainant again. During the second attack, the Defendant hit the Complainant five or six times in the face.

The Complainant was vomiting upon his arrival to the Emergency Room and was diagnosed with a concussion. He suffered a bilateral nose bone fracture caused by blunt force and had multiple abrasions on his face and nose. N.T. 8/20/14 at pp. 103, 109-10. There was sufficient evidence to sustain the verdict on Aggravated Assault – Causing Serious Bodily Injury. Assuming arguendo that one could find the Complainant did not suffer serious bodily injury, there certainly was sufficient evidence for the jury to find that the Defendant attempted to cause

serious bodily injury. Both findings constitute Aggravated Assault as a felony of the first degree. The only difference would be the offense gravity score, and therefore, the sentencing guideline calculations. However, as previously stated, the Court's sentence on the Aggravated Assault conviction was "no further penalty." N.T. 12/22/14 at p. 8.

### *Simple Assault*

The Defendant's conviction for Simple Assault, being a lesser included offense, is supported by the same facts which support his other convictions, since the elements of Simple Assault are necessarily included in the other offenses and merge with them for sentencing purposes. 18 Pa.C.S. § 2701; *Com. v. Brown*, 605 A.2d 429, 432 (Pa. Super. 1992).

### CONCLUSION

Based on the foregoing, the judgment of sentence of the trial court should be affirmed.

By the Court:

Rose Marie DeFino-Nastasi, J.

7