J-S12025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANNON GAGNON | : | |
| | : | |
| Appellant | : | No. 1976 EDA 2023 |

Appeal from the Judgment of Sentence Entered July 14, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001306-2022

BEFORE: DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.: **FILED SEPTEMBER 18, 2024**

Shannon Gagnon ("Gagnon") appeals from the judgment of sentence imposed following her guilty plea to aggravated assault and endangering the welfare of children ("EWOC").[1] We affirm.

The factual and procedural history of this case is as follows. Gagnon entered an open plea in January 2023 to aggravated assault and EWOC.[2] The factual basis was as follows:

> Had this case proceeded to trial[,] it would have been shown through witness testimony and video that on or about February 8th of 2021[,] at 11:34 AM[,] at a residence . . . in the City and County of Philadelphia, the defendant, . . . Gagnon, was in charge

---

[1] *See* 18 Pa.C.S.A. §§ 2702(a)(1), 4304(a)(1).

[2] At the time of the guilty plea, the aggravated assault was graded as a first-degree felony, and EWOC was initially graded as a second-degree felony. *See* N.T., 1/10/23, at 10-11.

of her paramour['s] six[-]year[-]old child[, C.R. (also referred to herein as "the victim")].

> At a certain point that morning[, Gagnon] kicked [C.R.] in the head multiple times. She slapped [C.R.] in the head, threw her head against a metal railing, [and] picked her up by her hair and dropped her down the stairs.

N.T., 1/10/23, at 9. Gagnon admitted the truth of these facts. *See id*. at 10. Based on these facts, and finding that Gagnon's plea was knowing, intelligent, and voluntary, the trial court accepted Gagnon's plea, and postponed sentencing for the preparation of a presentence investigation report ("PSI"). *See id*. at 10-11.

The trial court held a sentencing hearing in March 2023. The trial court indicated it had reviewed Gagnon's sentencing memorandum—which detailed her traumatic upbringing, prior suicide attempts, and substance abuse—as well as the PSI. *See* N.T., 3/13/23, at 5-6. Following argument by counsel, allocution by Gagnon, and consideration of Gagnon's mitigating circumstances, as well as other statutory factors including the protection of the public and the gravity of the offense, the trial court imposed a below-the-mitigated-range sentence of one-and-a-half to four years of imprisonment, plus three years of consecutive probation,[3] for the aggravated assault

---

[3] Based on the offense gravity score of eleven, and a prior record score of one, which Gagnon agreed to at sentencing, the guidelines called for a standard range of forty-two to sixty months, plus or minus twelve months, for the aggravated assault conviction. *See* N.T., 3/13/23, at 6-7. Gagnon's sentence ultimately fell below the mitigated range.

conviction, and a concurrent term of ten years of non-reporting probation for the EWOC conviction. *See id*. at 18; *see also* Order of Sentence, 3/14/23.[4]

Gagnon filed a counseled post-sentence motion seeking reconsideration of the sentence and imposition of house arrest in lieu of incarceration. *See* Post-Sentence Mot., 3/13/23. That same day, counsel moved to withdraw. *See* Mot. to Withdraw, 3/13/23. The trial court subsequently appointed new counsel, and granted prior counsel's motion to withdraw, without addressing prior counsel's post-sentence motion. *See* Short Certificate, 3/15/23. Gagnon, through subsequent counsel, filed a supplemental post-sentence motion. Therein, Gagnon sought to withdraw her guilty plea and also, despite having received a below-the-guidelines sentence for aggravated assault, asserted the sentence was excessive, and sought a reduction in the sentence. *See generally* Supplemental Post-Sentence Mot., 4/20/23.[5]

---

[4] The trial court initially entered a sentencing order on March 13, 2023 that transposed the sentences and the counts it announced at the sentencing hearing. *See* Order of Sentence, 3/13/23. On March 14, 2023, the trial court entered a corrected sentencing order that reflected the proper sentences on each count. *See* Order of Sentence 3/14/23.

[5] Gagnon later filed a motion for extension of time to decide the supplemental post-sentence motion, which the trial court granted. *See* Mot., 6/22/23; Order, 6/26/23. Gagnon acknowledged that she had already filed the April 20, 2023 supplemental post-sentence motion, as well as a post-sentence motion though prior counsel. *See* Mot., 6/22/23, at 2. As the trial court granted the motion, *see* Order, 6/26/23, and elected to consider the supplemental post-sentence motion, we decline to find waiver of Gagnon's request to withdraw her plea.

On July 14, 2023, the trial court apparently denied Gagnon's supplemental post-sentence motion insofar as she moved to withdraw her guilty plea, but granted her motion in part. Specifically, Gagnon received the same sentence of one-and-a-half to four years of incarceration, plus three years of consecutive probation, for the aggravated assault conviction; but she received a reduced seven-year period of concurrent non-reporting probation, for the EWOC offense. *See* Reconsideration of Sentence Order, 7/14/23.[6] Gagnon timely appealed, and both she and the trial court complied with Pa.R.A.P. 1925.[7]

Gagnon raises the following issues for our review:

1. Did the [t]rial [c]ourt err in denying [Gagnon's] post-sentence motion to withdraw her guilty plea as there was an insufficient factual basis for aggravated assault (F1) where the victim was not seriously injured[,] and the evidence was insufficient to sustain an attempt to cause serious bodily injury[?] The totality of the circumstances surrounding the plea established it was not entered into knowingly, intelligently and voluntarily, resulting in a manifest injustice. The factual basis established simple assault (M1)[.]

2. Did the [t]rial [c]ourt err in denying [Gagnon's] post-sentence motion to withdraw her guilty plea[,] as there was an

_____

[6] The trial court originally imposed sentence for the EWOC conviction pursuant to a felony-two grading, but later imposed sentence for third-degree felony EWOC.

[7] Notwithstanding the trial court's second sentencing order on July 14, 2023 following the grant of reconsideration, Gagnon appealed on July 26, 2023 from the March 13, 2023 judgment of sentence. *See* Notice of Appeal, 7/26/23. We have corrected the caption to note that the appeal lies from the amended sentencing order. *See Commonwealth v. Garzone*, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010).

insufficient factual basis for EWOC (F3), where there was no course of conduct and appellant did not create a substantial risk of serious bodily injury to complainant[?] The totality of the circumstances surrounding the plea established it was not entered into knowingly, intelligently and voluntarily, resulting in a manifest injustice. The factual basis established EWOC (M1)[.]

3. Was the sentence excessive, more than necessary to protect the public, vindicate the complainant[,] and rehabilitate the appellant[?] [Gagnon] was extremely remorseful, a victim of a traumatic childhood, suffers from mental health issues, has a work history, and has taken affirmative steps in rehabilitating herself[.]

Gagnon's Brief at 7 (issues re-ordered for ease of disposition).

In her first two issues, Gagnon argues the trial court erred in denying her post-sentence motion to withdraw her guilty plea. Because Gagnon's issues arise from common facts and law, we address them together. Our standard of review is as follows:

It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. The term discretion imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Kehr*, 180 A.3d 754, 757 (Pa. Super. 2018) (internal citations and quotations omitted; formatting altered).

- 5 -

This Court has previously explained that:

[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Id*. at 756-57. Because Gagnon argues her guilty pleas were unsupported by the facts because they fail to make out the elements of each offense, we set forth the applicable statutes.

A person commits aggravated assault if, among other things, the person: "(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life . . .." 18 Pa.C.S.A. § 2702(a)(1). Intent to cause serious bodily injury may be inferred where a defendant, who is larger and stronger than her victim, pushes a victim down a flight of stairs. *See*, *e.g.*, *Commonwealth v. Russell*, 209 A.3d 419, 427-28 (Pa. Super. 2019). The requisite intent for aggravated assault may be found where a defendant stomps or kicks her victim. *See*, *e.g.*, *Commonwealth v. Stancil*, 334 A.2d 675, 677 (Pa. Super. 1975); *accord Commonwealth v. Moore*, 395 A.2d 1328, 1332 (Pa. Super. 1978) (affirmance of a conviction for aggravated assault where there was not only the attempt, but the completion, of aggravated assault arising from an adult

beating a seven-year-old child with a stick "so severely that the child fell to the floor and could not afterwards stand"). Of course, actual serious bodily injury is not required for an aggravated assault conviction. **See Russell**, 209 A.3d at 427-28.

A person commits the third-degree felony of EWOC if, *inter alia*, the person "knowingly endangers the welfare of the child by violating a duty of care, protection or support," in relevant part, by creating "a substantial **risk** of death or serious bodily injury . . .." 18 Pa.C.S.A. § 4304(a)(1), (b)(iii) (emphasis added). Indeed, as noted above, where a defendant is "significantly stronger and larger than the victim," and the victim is unprepared for the attack, the act of pushing a victim from the top of a flight of stairs is a "substantial or significant step toward perpetrating serious bodily injury," even if no serious bodily injury results. **Russell**, 209 A.3d at 427-28.

Gagnon argues the factual basis of her guilty plea does not establish aggravated assault. She maintains that C.R. did not suffer serious bodily injury, and argues, that she, Gagnon, intended to keep the assault secret, which militates against her intent to inflict serious bodily injury, which, she reasons, would be more difficult to hide. **See** Gagnon's Brief at 26-27. Thus, Gagnon argues, she did not commit aggravated assault, but, rather, simple assault. **See id**. at 27. Additionally, Gagnon concedes she committed EWOC, **see id**. at 29, but she asserts she did not cause serious bodily injury, "nor did she try," nor did her assault of C.R. pose any risk of serious bodily injury to

the victim. *Id*. at 30. Therefore, her EWOC conviction, graded as a third-degree felony, is unsupported by the factual basis. For these reasons, Gagnon argues, she demonstrated manifest injustice, and the trial court abused its discretion by denying her post-sentence motion to withdraw her guilty plea.

The trial court considered Gagnon's issues and determined they merit no relief:

> . . . The facts of [Gagnon's] plea clearly state that at the time of the attack, the victim was [six] years old. [Gagnon] was approximately [thirty-nine] years old. [Gagnon] slammed C.R.'s head into a metal railing, picked her up by the hair, and dropped her down the stairs. Therefore, the factual basis of the plea was sufficient to show that [Gagnon], who was significantly larger and stronger than her victim, intended to cause serious bodily injury.
>
> . . . [Gagnon] admitted to slamming a [six]-year-old child's head into a metal railing, kicking the child in the head, and to throwing her down the stairs. These actions created a substantial risk of serious bodily injury. Therefore, the factual basis of the plea was sufficient.

Trial Court Opinion, 9/19/23 (unnumbered at 2).

Following our review, we discern no abuse of discretion by the trial court in finding that Gagnon failed to demonstrate manifest injustice in support of her post-sentence motion to withdraw her guilty plea. It is uncontested that thirty-nine-year-old Gagnon kicked her victim, a six-year-old child, in the head multiple times, slapped her in the head, "threw her head against a **metal** railing, and ***picked her up by her hair and dropped her down the stairs***." N.T., 1/10/23, at 9 (emphases added). We have no trouble concluding, as the trial court did, that this demonstrates Gagnon's intent to cause serious

- 8 -

bodily injury to the victim, and that her conduct posed a substantial risk of serious bodily injury to C.R. *See Russell*, 209 A.3d at 427-28; *Stancil*, 334 A.2d at 677; *Moore*, 395 A.2d at 1332. Thus, the factual basis supported the elements of the offenses to which Gagnon pleaded, and, accordingly, her first two issues merit no relief.

In her third issue, Gagnon raises a challenge to the discretionary aspects of her sentence. This Court has explained:

> [C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal[;] (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence[;] (3) whether appellant's brief has a fatal defect[;] and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

*Commonwealth v. Perzel*, 291 A.3d 38, 46 (Pa. Super. 2023) (internal citations omitted).

Gagnon has filed a timely notice of appeal; she preserved her issue in a post-sentence motion, *see* Supplemental Post-Sentence Mot., 4/20/23, at 7-8; and she included a Pa.R.A.P. 2119(f) statement of reasons for allowance of appeal from the discretionary aspects of her sentence. *See* Gagnon's Brief at 15-19. Lastly, we consider whether Gagnon has raised a substantial question.

This Court has noted, we have "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial

question for our review. Accordingly, [an] argument that the trial court failed to give adequate weight to mitigating factors does not present a substantial question appropriate for our review." **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013) (internal citations omitted). **Accord Commonwealth v. Bullock**, 868 A.2d 516, 529 (Pa. Super. 2005) (stating that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review).

Here, Gagnon's Rule 2119(f) statement reveals that her challenge to the discretionary aspects centers on the argument that her "sentence was excessive in light of the mitigating factors present and [her] need for rehabilitation and great remorse." Gagnon's Brief at 17. She concedes the trial court considered her mitigating factors, but asserts the trial court inadequately weighed them because it was "overwhelmed and singularly swayed by the facts of the case." **Id**. at 18. Gagnon further concedes that she received a mitigated-range sentence, yet nevertheless argues her sentence was unreasonable. **See id**. at 18-19.

Following our review, we conclude Gagnon fails to present a substantial question. Gagnon argues the trial court abused its discretion, despite giving her a below-mitigated-range sentence, because the court failed to adequately weigh her mitigating factors. This does not raise a substantial question. **See Disalvo**, 70 A.3d at 903; **Bullock**, 868 A.2d at 529. Accordingly, we deny

Gagnon's petition for allowance of appeal from the discretionary aspects of her sentence. Gagnon is therefore due no relief.[8]

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/18/2024

_____

[8] We note that even if Gagnon had raised a substantial question, her issue would merit no relief. The trial court considered Gagnon's PSI, her sentencing memorandum, and explained the reasons for its sentence. **See** N.T., 3/13/23, at 5-6, 16-18; **Commonwealth v. Mulkin**, 228 A.3d 913, 917 (Pa. Super. 2020) (where a sentencing court has the benefit of a PSI, the court is presumed to have weighed all relevant information regarding the defendant's character against any mitigating factors). Additionally, a trial court does not abuse its discretion by merely giving a defendant's mitigation evidence less weight than the defendant would like. **See Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa. Super. 2009) (stating, "The . . . court merely chose not to give the mitigating factors as much weight as Appellant would have liked and decided that the facts did not warrant [a lower sentence]. We cannot re-weigh the sentencing factors and impose our judgment [instead]").